WEBER *v.* WILSON.

1. CONTRACTS—ACCEPTANCE OF WRITTEN ORDER—AMBIGUITY.
    In an action upon a written order and its acceptance, a finding by the jury that such acceptance was general, entitling plaintiff to recover thereon, *held,* warranted under the facts and circumstances existing at the time it was prepared.

<hr>

¹Assignments, 5 C. J. § 260 (Anno).

2. SAME—CONSTRUED MOST STRONGLY AGAINST MAKER.
   A written contract must be construed most strongly against person preparing it.

3. SAME—CONSTRUCTION—INTENT—AMBIGUITY.
   If a written contract is capable of being understood in more than one sense, it must be construed in the light of circumstances existing at the time it was signed and delivered.

Error to Wayne; Barton (Joseph), J., presiding. Submitted June 22, 1927.    (Docket No. 37.)    Decided October 3, 1927.    Rehearing denied December 1, 1927.

Assumpsit by Joseph F. Weber, doing business as J. F. Weber & Company, against James Will Wilson, William F. Malow, and the Chippewa Apartment Company upon a written order and its acceptance. Judgment for plaintiff against defendants Malow and the Chippewa Apartment Company.    They bring error. Affirmed.

*Milburn & Semmes*, for appellants.

*James B. Van Vechten, Jr.*, for appellee Weber.

*Benjamin Robinson*, for appellee Wilson.

SHARPE, C. J.    Plaintiff brought suit to recover on the following written order and its acceptance:

"Detroit, Mich., March 25, 1922.
"Pay to J. F. Weber & Co., two thousand eight hundred ($2800.00) Dollars on completion of Parkhurst Apartments, which shall be on or before October 1, 1922, and charge same to my account.
                    "(Signed) JAMES WM. WILSON.
"Accepted and we agree to pay same out of first moneys coming to said J. Will Wilson from Chippewa Apt. Co.
          "CHIPPEWA APARTMENT COMPANY, By
          "(Signed)    WILLIAM F. MALOW, Pres.
          "(Signed)    WILLIAM F. MALOW."

²Contracts, 13 C. J. § 516; ³Id., 13 C. J. § 514.

The jury found for the defendant Wilson and against the other defendants. They review the judgment entered thereon by writ of error.

There are many assignments, but counsel for the appellants frankly concede that there is but one question in the case: *Is the acceptance of the order by appellants a general acceptance or a conditional acceptance?* They contend that the language is unambiguous and should have been construed by the court as an undertaking to pay plaintiffs the amount of the order "if Wilson has any money coming from Chippewa Apartment Company, and the first money coming to Wilson from Chippewa Apartment Company will be paid in settlement of the order." Plaintiff's counsel agrees that the language is unambiguous, and insists that the acceptance by appellants was general; that they not only agreed to pay the sum by October 1st, but also agreed to pay it before they paid any further sum to Wilson.

In the opinion of the writer, the court might well have adopted the interpretation placed on the acceptance by plaintiff, particularly in view of the fact that it was written by defendant Malow and must be most strongly construed against him. *Olsen* v. *Fry*, 234 Mich. 233, 237. If, however, the language used is capable of being understood in more than one sense, then it must be construed in the light of the circumstances existing at the time it was signed and delivered. *Kellogg* v. *Kellogg Corn Flake Co.*, 212 Mich. 95. The trial court took this view of it, and submitted the question to the jury under instructions of which no complaint can well be made. Their finding that the acceptance was general was supported by ample proof. We find no error justifying a reversal.

The judgment is affirmed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.