MARKS-FISKE-ZEIGER CO. v. AMERICAN BUSHINGS COR-
PORATION.

1. Contracts—Construction.
   An instrument should be strictly construed against the party by
   whom or by whose agent it was drafted.

2. Vendor and Purchaser—Construction of Contract—Payment
   of Taxes.
   Agreement by vendee in land contract to pay taxes accruing
   subsequent to date of contract did not include installments of
   paving tax payable in annual installments which had become
   a lien prior to date of contract.

Appeal from Wayne; Houghton (Samuel G.), J.,
presiding. Submitted April 9, 1930. (Docket No. 36,
Calendar No. 34,870.) Decided June 2, 1930.

Bill by the Marks-Fiske-Zeiger Company, a Mich-
igan corporation, against the American Bushings
Corporation, a Delaware corporation, and another,
for specific performance of a land contract. From
decree for plaintiff, defendant appeals. Affirmed.

*Munro & Powell* (*Leo F. Covey,* of counsel), for
plaintiff.

*Angell, Turner & Dyer* (*Thomas Wellman,* of
counsel), for defendants.

North, J. This is a suit for specific performance
of a land contract. Plaintiff had decree and defend-
ant has appealed. This contract in which plaintiff
was the vendee and defendant the vendor was exe-
cuted and delivered June 6, 1924. On that date and

As to who is responsible as between vendor and vendee for taxes
accruing after sale but before title perfected in purchaser, see
annotation in 43 L. R. A. (N. S.) 51; 12 A. L. R. 411.

for some time prior thereto the defendant, Pressed Metals Company of America (formerly the American Bushings Corporation), owned the parcel of land described in the contract and located in the city of Detroit. An assessment for street pavement previously laid had been made against this parcel. This assessment was payable in four annual installments, the first due in January, 1924. Under the provision of the Detroit city charter the assessment became a lien upon the land October 2, 1923. This was a little more than eight months prior to the consummation of the contract. The first of the four installments was paid by defendant before it entered into this contract with the plaintiff. When subsequent installments fell due the defendant claimed it was plaintiff's duty under the terms of the contract to pay the balance of this paving assessment. Plaintiff refused to do so, asserting it was defendant's obligation. To save the property from tax sale the defendant paid the three remaining installments as follows: $1,237.70 on November 9, 1926; $1,565.96 on December 3, 1926, and $785.74 on March 4, 1927. Subsequently plaintiff tendered to defendant the balance of the contract price and demanded conveyance of title. Defendant refused to convey unless the three amounts just above noted and accrued interest thereon were also paid to it by plaintiff. This suit for specific performance followed.

Determination of the controversy depends upon the construction to be placed upon the pertinent portions of the contract which read thus:

"Ninth. Said vendee agrees in due season to pay all taxes and assessments extraordinary as well as ordinary which may be levied or assessed against the parcel of land hereby contracted to be conveyed, including the taxes of 1924.

"Tenth. Said vendor agrees on receiving the aforementioned consideration, * * * (to) execute and deliver to said vendee or to its successors or assigns a good and sufficient conveyance of said described premises free and clear of and from all liens and encumbrances, except all deferred special assessment tax installments and such liens and encumbrances as may have accrued thereon subsequent to the date hereof by or through the acts or neglect of any party or parties other than the said vendor."

Mr. Fiske, plaintiff's secretary and treasurer, represented the company in this transaction. At the time he visited this property with the view of purchasing the pavement had been constructed. The contract was drafted by an attorney employed by the defendant and plaintiff was not represented by counsel at the time of the transaction. It is an elementary rule of construction that an instrument so prepared should be strictly construed against the party by whom or by whose agent it was drafted. *Hanley* v. *Porter*, 238 Mich. 617; and *Weber* v. *Wilson*, 240 Mich. 462. We think this contract was not so drawn by vendor's attorney as to fairly charge the vendee with the payment of the deferred installments of this assessment. At the time this contract was entered into the defendant was obligated to pay this assessment, at least it had already become a lien upon its property. Paragraph nine of the above-quoted contract obviously obligated the vendee to pay only those taxes and assessments which might thereafter be levied upon this property, including the taxes of 1924. This did not include the three installments of the assessment involved. They had been levied upon the property previously. The other pertinent provision of the contract is the above-quoted portion of paragraph 10 and the only liens or incumbrances excepted by it from the free

and clear title which the vendor undertook to convey were such as "accrued thereon *subsequent* to the date" of the contract. As noted above, each of these three installments of the paving assessment had not only "accrued" against this property but had become a lien thereon prior to the date of the contract, and therefore do not come within the exception noted in the tenth paragraph. As found by the trial judge, the provision in paragraph 10 relative to deferred special assessments may well be construed as meaning that the vendor was not to be compelled to pay these respective portions of the assessment before the expiration of the term allowed for the deferred payment, notwithstanding the vendee might sooner pay the full purchase price and demand conveyance. The circuit judge rightly held that the vendor was not entitled to demand reimbursement from the vendee because of having paid these three portions of the paving assessment; and the decree entered in the circuit court is affirmed, with costs to the appellee.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.