## AMICK v. HICKEY.

1. REFORMATION OF INSTRUMENTS—CONTRACTS—MUTUAL MISTAKE.
   Where certain factors, omitted by mistake from contract for compensation to be paid to income tax experts for making defendant's income tax report in such way as to legally effect saving in tax paid on profit made on certain transaction, were essential to making computation of said compensation due under the contract in manner parties had in mind, contract was properly reformed by court below to include said necessary factors.

2. CONTRACTS—CONSTRUCTION.
   If there is occasion for construing contract, its terms must be interpreted most strongly against those by whom it was drafted.

3. SAME—EQUITY MAY NOT MAKE CONTRACT FOR PARTIES.
   Equity may not create contracts for litigants any more than may courts of law.

4. SAME—CONSTRUCTION—MUST BE CONSTRUED AS CONTEMPLATED. Where contract for payment of compensation to income tax experts provided that they were to have certain per cent. of saving legally effected by manner of reporting profit on certain transaction, and agreement contemplated that tax payments thereon would be made over series of years, computation should be had as if payments had been made as contemplated, although they might not actually have been so made.

Appeal from Wayne; Hart (Ray), J., presiding. Submitted January 9, 1931. (Docket No. 71, Calendar No. 35,107.) Decided April 7, 1931. Rehearing denied June 25, 1931.

Bill by James H. Amick and Joseph H. Spicer, copartners doing business as Amick & Spicer, against Edward J. Hickey for reformation of a contract for services and an accounting. Decree for plaintiffs. Defendant appeals. Reversed, and remanded.

*Wm. Henry Gallagher,* for plaintiffs.

*Stevenson, Butzel, Eamon & Long* (*Thomas G. Long,* of counsel), for defendant.

NORTH, J. Plaintiffs seek to recover from defendant $21,553.38 and accrued interest as compensation claimed to be due them for services rendered as income tax experts and accountants under a written contract with defendant providing for such services and compensation therefor. Plaintiffs claim that by reason of mutual mistake the contract as executed does not conform to the agreement of the parties and on this account they also seek its reformation. In the circuit court plaintiffs were decreed the relief sought. Defendant has appealed.

On the 31st of May, 1921, defendant entered into a contract with the S. S. Kresge Company for the

sale of real estate located on the southwest corner of Woodward and Grand River avenues in the city of Detroit. The contract price was $1,660,000. The vendee assumed a mortgage of $675,000, made a down payment of $100,000 and agreed to pay the balance of the purchase price in substantial annual installments extending from 1921 to 1934. Mr. Hickey's profit on this sale was $522,682.03. Incident to making his 1921 income tax return, Mr. Hickey consulted his attorney and auditor; and was advised that such profit should be reported as on a 1921 sale made on an installment basis and that the tax would then be payable in annual installments as the payments on the land contract were made from 1921 to 1934. At a meeting between plaintiffs and defendant the matter was broached as to whether plaintiffs could make a report of defendant's income, including the profit on this real estate transaction, so that his income tax would be legally computed upon a different basis which would result in a saving to defendant. After some consideration the plaintiffs and defendant, on April 13, 1922, entered into a written contract for plaintiffs' service in making defendant's income tax return "for such years as may be affected by the profit derived from the afore-mentioned real estate transaction." In substance this contract, which was prepared by plaintiffs, provided that they should have as compensation for such services 10 per cent. of any saving effected.

The meaning of "saving" as used in this contract and the method of determining the amount of such saving is set forth in the contract as follows:

"The word 'saving' as herein used shall be considered as meaning the amount by which

"(a)    The income taxes actually and finally paid or payable by said taxpayer on taxpayer's taxable net income from all sources for the year or years affected by the profit derived from the above-mentioned sale of real estate, is less than

"(b)    The income taxes which such taxpayer would have paid on taxpayer's taxable net income from all sources for the year or years affected by the profit derived from said real estate transaction, had the tax on said real estate transaction been computed on the 'installment sales' basis as provided in article 45, regulations 62, issued by the treasury department through the commissioner of internal revenue."

Appellant first contends that plaintiffs are not entitled to reformation. The contract as drawn (paragraph b) does not specify in what year the Kresge sale or the profit incident thereto was to be reported or assumed to have been reported by Mr. Hickey, nor does it specify or identify the provision or provisions of the revenue act under which the theoretical computation of Mr. Hickey's income tax for the various years would be computed. Thus neither the time nor the rate was fixed for making the computation by which plaintiffs' compensation would be measured. Each of these factors was essential to making the computation in the manner which the proofs clearly show these parties had in mind when they entered into this contract. Such a computation was necessary to determine what, if any, "saving" plaintiffs accomplished for defendant. This determined the amount of plaintiffs' compensation. The circuit court justly decreed reformation; and, as reformed, paragraph (b) above-quoted reads:

"(b)    The income taxes which such taxpayer would have paid on taxpayer's taxable net income

from all sources for the year or years affected by the profit derived from said real estate transaction, had the profit on said real estate transaction been reported as a 1921 sale on the installment basis as provided in article 45, regulation 62, issued by the treasury department through the commissioner of internal revenue, and the tax thereon computed by applying the rates specified in sections 210 and 211 of the revenue act of 1921 (42 U. S. Stat. at Large, pp. 233–237)."

It is further urged by appellant that the method of computing the amount of plaintiff's compensation was erroneous and resulted in a substantial overpayment being decreed. From the quoted portion of the contract it is clear that plaintiffs were to have as compensation 10 per cent. of the difference between the income tax Mr. Hickey, acting under their advice, was actually to pay incident to his profit on the Kresge sale and the amount of such tax he would have paid if the sale had been reported as first contemplated by Mr. Hickey, *i.e.*, as a 1921 "installment sale." Acting under their contract, plaintiffs adopted a different plan of making Mr. Hickey's income tax return and thereby they materially reduced the amount of his tax. By altering the Kresge transaction so that it became a fully consummated sale in 1922, by giving a deed and taking back a mortgage; and by having all of Mr. Hickey's profit thereon taxed on the basis of "capital gain" (section 206, revenue act of 1921 [42 U. S. Stat. at Large, p. 232]), plaintiffs were able to have the tax on this item computed at 12½ per cent. It was paid at that rate as a part of Mr. Hickey's 1922 tax. Including this item, his income tax for 1921 and 1922 totaled $76,060.43. It is plaintiffs' claim that since the Kresge transaction was thus fully consummated in 1922 in so far as it

affected defendant's income tax, they are entitled under their contract to compute the amount that Mr. Hickey's tax under sections 210 and 211 of the revenue act of 1921 (42 U. S. Stat. at Large, pp. 233–237) would have been if all of the Kresge transaction profit had been returned by Mr. Hickey in 1921 and 1922. Computed in this manner, defendant's total tax for the two years would have been $291,594.19. This exceeds the amount he actually paid ($76,060.43) by $215,533.76. Plaintiffs were decreed 10 per cent. of this amount as compensation due them under their contract.

Appellant asserts that this method is not in accordance with the contract, but instead, that paragraph (b) above quoted provides that the computation should be on the basis of the amount of income tax Mr. Hickey would pay on his profit if the Kresge sale was reported as an "installment sale" and the payments received during the various years from 1921 to 1934 as provided in the Kresge contract. It is clear that had such a plan been followed by Mr. Hickey and he had included in his income tax return each year from 1921 to 1934 such a proportion of his profit on the Kresge sale as he received payment on the purchase price, he would have been taxed at a much lesser rate than that assumed in plaintiffs' computation wherein all this profit is included in a hypothetical 1921 and 1922 tax return. The difficulty of ascertaining the amount of plaintiffs' compensation under such a construction of the contract is obvious; but notwithstanding that unfortunate circumstance, we are satisfied that such was the method the parties agreed upon as a basis of fixing plaintiffs' compensation. As noted, the contract was prepared by plaintiffs and they must abide by it. If there is occasion for construing such a contract, its terms must be interpreted most strongly against

those by whom it was drafted. *Greenough* v. *Willcox,* 238 Mich. 52; *Weber* v. *Wilson,* 240 Mich. 462. Equity cannot create contracts for litigants any more than courts of law. *Wood* v. *Truax,* 39 Mich. 628. It is urged by plaintiffs that payments on the Kresge contract might not have been made in accordance therewith, and that defendant's income tax would be affected by the payments as made rather than by the contract provisions for payments. Regardless of that fact, we think the contract between plaintiffs and defendant was consummated in contemplation of the subsequent performance of the Kresge contract in accordance with the terms thereof, and that paragraph (b) of plaintiffs' contract must be construed in the light of that circumstance. Plaintiffs' compensation should be computed on the assumption that the payments on the Kresge contract have been made or will be made as provided therein; because such were the terms and conditions plaintiffs and defendant obviously had in mind when paragraph (b) was made a part of their contract.

The record does not contain testimony from which a computation of plaintiffs' compensation on the proper basis can be made. This necessitates remanding the case for further proof. The decree entered in the trial court will be set aside, and the case remanded for further testimony and final decree in accordance herewith. Appellant will have costs of this court.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.