## TEETER *v.* TEETER.

1. CONTRACTS—CONSTRUCTION OF UNAMBIGUOUS INSTRUMENT.
   A written contract which is clear and unambiguous and of such a nature as to be easily and readily understood by a layman of ordinary intelligence requires no interpretation from sources other than the instrument itself.

2. APPEAL AND ERROR—PLEADING—MOTION TO DISMISS.
   All well-pleaded and material allegations of fact in a bill are assumed to be true in consideration of a case on appeal from order granting a motion to dismiss.

3. CONTRACTS—PRELIMINARY AGREEMENT—PARTNERSHIPS.
   Claim that contract for purchase of defendant widow's interest in partnership was entered into on the understanding that such interest would be subsequently evaluated and determination made as to just how much should be paid for it *held*, not substantiated by the agreement.

4. CANCELLATION OF INSTRUMENTS—EQUITY—MISTAKE.
   Unilateral misunderstanding by a party to a contract does not present a reason for the intervention of a court of equity by way of cancellation of the instrument, as the mistake must be a mutual one.

5. SAME—MISTAKE—FRAUD.
   Bill of complaint in suit to cancel a contract for purchase of an interest in a partnership was properly dismissed where

---

* Continued from Volume 331.

REFERENCES FOR POINTS IN HEADNOTES

[1] 12 Am Jur, Contracts § 234; 20 Am Jur, Evidence § 1143.
[2] 3 Am Jur, Appeal and Error § 930.
[4–6] 9 Am Jur, Cancellation of Instruments § 33.
[5, 6] 9 Am Jur, Cancellation of Instruments § 21.
[7, 8] 9 Am Jur, Cancellation of Instruments §§ 8, 25, 45.
[9] 9 Am Jur, Cancellation of Instruments §§ 46, 55; 12 Am Jur, Contracts §§ 228, 229.

bill failed to allege that the claimed misunderstanding was either mutual or the result of fraud practiced by defendant or her attorney.

6. SAME—FRAUD—ATTORNEY AND CLIENT.
The fact that plaintiff was not represented by an attorney and defendant was so represented at time contract for purchase of latter's interest in partnership was executed, is not ground for cancellation of the contract, where the agreement was not of a complex nature and did not need the services of an attorney to understand, it was not alleged that the attorney was employed to mislead plaintiff nor that the attorney misled him.

7. SAME—INADEQUACY OF CONSIDERATION.
An agreement whereby plaintiff agreed to pay defendant, his mother who was then a widow, the sum of $50 monthly for her lifetime for her interest in a partnership plaintiff had had with his father, was not subject to cancellation under bill filed over 7 years later on ground of inadequacy of consideration, escape from an unprofitable bargain being insufficient to justify interposition by court of equity.

8. CONTRACTS—EQUITY—WRITING A NEW CONTRACT.
It is without the power of a court of equity to affirm a contract as valid for a period and thereafter void, in order to enable a party thereto to escape from an unprofitable bargain, where to do so would in effect write a new contract for the parties.

9. SAME—EQUITY—REFORMATION OR CANCELLATION OF INSTRUMENTS.
A court of equity has not the power to make a new contract for parties under the guise of its power to reform or cancel the contract.

10. APPEAL AND ERROR — EQUITY — JURISDICTION — PLEADING — DISMISSAL OF BILL ON COURT'S OWN MOTION.
Bill to set aside a contract for purchase of widow's interest in partnership between her late husband and plaintiff son held, on de novo review, to have been properly dismissed by trial court on his own motion for lack of jurisdiction, where there was nothing on the face of the bill to justify the interposition of a court of equity.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted December 6, 1951. (Docket No. 96, Calendar No. 45,275.) Decided January 7, 1952.

Bill by Kenneth H. Teeter against Edith M. Teeter to cancel a contract for purchase of an interest in a partnership. Bill dismissed. Plaintiff appeals. Affirmed.

*John Wendell Bird,* for plaintiff.

*Sigler & Anderson,* for defendant.

BUTZEL, J. In a bill of complaint filed July 13, 1950, Kenneth H. Teeter, plaintiff and appellant, seeks cancellation of a written agreement made on December 9, 1942, with his mother, Edith M. Teeter, defendant, and a discharge of any further liability to her. The agreement provided for a sale of defendant's interest in a business in which her deceased husband and plaintiff were copartners and which interest she had inherited from her husband. Plaintiff agreed to pay her for her interest the sum of $50 a month until her death and further to provide in his will for the continuance of the payments should he predecease her. Although defendant claimed in a previous action at law that she inherited a $\frac{2}{3}$ interest, we will assume for the purpose of this opinion that it was only a $\frac{1}{2}$ interest, as claimed by plaintiff. The written agreement, executed by both parties, is clear, unambiguous and of such a nature as to be easily and readily understood by a layman of ordinary intelligence. It requires no interpretation from sources other than the instrument itself.

The judge below granted a motion to dismiss the bill of complaint. Therefore, all of the well-pleaded and material allegations of fact in the bill will be assumed to be true in our consideration of the case. Their legal effect, however, is for us to determine.

The main contentions of plaintiff in his bill are as follows:

. (a) Plaintiff claims that he understood at the time of making the agreement that a later agreement would be made by way of evaluating defendant's interest and determining just how much should be paid for it; that his understanding that his liability to defendant would not extend beyond the fair valuation of her interest in the business was the inducement to his entering into the contract. There is nothing in the written agreement that sustains this claim or the others hereinafter referred to. Misunderstanding by the plaintiff alone does not present a reason for the intervention of a court of equity. Mutual mistake or fraud must be the basis of the cancellation sought by plaintiff and neither is shown in the bill. Plaintiff does not allege that the misunderstanding was mutual. Neither is there an allegation that his misunderstanding resulted from the acts of defendant or her attorney, by misrepresentation or otherwise. Indeed, plaintiff avers in his bill that the agreement was designed "primarily for the assistance and support of defendant," a purpose not consistent with an intent to stop payments at any time before the death of defendant.

(b) Plaintiff further claims that his misunderstanding was caused by the defendant, since at the time of the agreement defendant was represented by an attorney and plaintiff was not. The agreement was not of a complex nature, the type that requires the services of an attorney to understand. There is no allegation that defendant employed an attorney for the purpose of misleading plaintiff, or that the attorney misled him.

(c) Plaintiff also claims that by July, 1949, he had paid complete consideration for the value of defendant's interest in the copartnership, and that to require him to pay any further sum would be inequitable and result in an inadequacy of consideration by defendant. However, there is no inadequacy of

consideration here that would justify the interposition of a court of equity. Plaintiff seeks to escape an unprofitable bargain. If defendant had died shortly after the agreement was entered into, or if the business under plaintiff's management had become very profitable, he would have made an extremely favorable bargain. There is no allegation that the agreement was not a fair one at its inception; it cannot be attacked because the plaintiff 7 years later feels he agreed to pay too large a sum.

(d) By way of relief, plaintiff wishes to affirm his contract up to 1949, but to have the operation of the instrument declared legally fraudulent and void and cancelled from that time on; or, as he states in the bill of complaint, "that the enforcement of the said agreement should be confined to the consideration as understood and interpreted by the plaintiff herein at the time he placed his signature on said instrument." Plaintiff thereby seeks to affirm the contract in its operation up to 1949 and to declare its operation subsequent thereto completely void. This cannot be done. In the guise of reformation or cancellation, we have no power in equity to make a new contract for the parties. *Wood* v. *Truax,* 39 Mich 628; *Nash* v. *Burchard,* 87 Mich 85; *Amick* v. *Hickey,* 254 Mich 37; *Engel* v. *State Mutual Rodded Fire Ins. Co.,* 257 Mich 245; *Goldberg* v. *Cities Service Oil Co.,* 275 Mich 199; *E. R. Brenner Co.* v. *Brooker Engineering Co.,* 301 Mich 719.

In his brief on appeal, plaintiff-appellant argues that the trial court erred in declaring on its own motion that the bill of complaint stated no cause of action. The trial court, although admitting that such reason as a reason for dismissal does not appear in the written motion on file, stated, "it is the court's duty to raise jurisdictional matters upon its own motion if they have not been raised by counsel."

See, to that effect, *Bradley* v. *Board of State Canvassers,* 154 Mich 274; *In re Estate of Fraser,* 288 Mich 392; *Lehman* v. *Lehman,* 312 Mich 102. Plaintiff does not deny that this is the correct rule, but contends that there was nothing on the face of the bill or the pleadings in the cause to show a lack of jurisdiction as such. As has been stated heretofore, however, we find nothing on the face of the pleadings to justify the interposition of a court of equity. In the absence of such a showing, the court lacked equitable jurisdiction and properly dismissed the bill on its own motion. In any event, this is an equity case which we hear *de novo* and we find, upon reading the record, that the bill of complaint should have been dismissed.

We find no other claims that merit further discussion. On motion, the trial judge entered an order dismissing plaintiff's bill of complaint. The order is affirmed, with costs to defendant.

NORTH, C. J., and DETHMERS, CARR, SHARPE, and REID, JJ., concurred with BUTZEL, J.

BUSHNELL and BOYLES, JJ., concurred in the result.