IN THE MATTER OF LINDA LOU GRIFFIN

Docket Nos. 78-2035, 78-2072, 78-2073, 78-2965, 78-2966. Submitted November 2, 1978, at Grand Rapids.—Decided January 17, 1979.

> The parental rights concerning Linda Lou Griffin were terminated by the Grand Traverse County Probate Court. Subsequently, the court committed Linda Lou to the Department of Social Services "for purchase of service to" a private agency for the purpose of adoption or other placement. The child was placed by the DSS, through the Michigan Children's Institute, a public agency, in the foster home of David E. and Coraline C. Lardie in Traverse City. Gregory and Susan Wehr of Alpena petitioned for adoption of Linda Lou in the Alpena County Probate Court, and a consent to the adoption was filed by the director of the Children's Institute. The Grand Traverse County Probate Court then issued an order purporting to vacate its earlier commitment order to the Department of Social Services and committing the child to a private agency. It ordered custody to remain with the Lardies until the agency completed adoption proceedings. The Wehrs, having been licensed as a foster home, subsequently visited Linda Lou, and arranged to have her transported to their home in Alpena. They filed a complaint in Alpena Circuit Court seeking a restraining order to prevent the child from being removed from their home. The restraining order was granted, Joseph P. Swallow, J., and the Wehrs were instructed to pursue the adoption proceeding in probate court in order to determine probate court jurisdiction. The Alpena County Probate Court, Richard E. Meden, J., ordered that jurisdiction over the child was in the Grand Traverse County Probate Court. This order was appealed by the DSS, by the Wehrs, and by the appointed counsel for the child. The Lardies filed a petition for adoption in the Grand Traverse County Probate Court, and their adoption was immediately ordered, Kenneth G. Mackness, J. At a further hearing the Alpena Circuit Court ordered temporary custody to remain

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 20 Am Jur 2d, Courts § 104.
[4] 20 Am Jur 2d, Courts §§ 128,138.

with the Wehrs until final adjudication of the jurisdiction controversy. This order was appealed from by the Grand Traverse County Probate Judge, who was a party in the Alpena Circuit Court proceedings, and by the Lardies. The Court of Appeals consolidated the appeals for hearing and decision.
*Held:*

The order of the Grand Traverse County Probate Court committing the child to the Department of Social Services was irrevocable and divested that court of jurisdiction. That court's later order committing the child to the private agency, and the order of adoption, were, therefore, without effect. Jurisdiction was thereafter properly assumed by the Alpena County Probate Court when the Wehrs' petition for adoption was filed therein. Jurisdiction remains in the Alpena County Probate Court.

The Alpena County Probate Court is reversed and the case remanded to that court for consideration of the Wehrs' petition. Custody is to remain with the Wehrs pending issuance of an adoption order.

1. COURTS — PROBATE COURTS — JURISDICTION — INFANTS.
   Probate court jurisdiction over children is not inherent but is based upon constitutional and statutory provisions.

2. INFANTS — COURTS — PROBATE COURTS — JURISDICTION — COMMITMENT OF MINOR — PRIVATE AGENCY — PUBLIC AGENCY — STATUTES.
   A probate court's commitment of a child to a private or incorporated institution or agency does not divest the court of jurisdiction over the child; however, commitment of the child to the Department of Social Services, a public agency, is irrevocable and the jurisdiction of the probate court becomes divested (MCL 712A.5, 712A.18[d], 712A.18[e]; MSA 27.3178[598.5], 27.3178[598.18][d], 27.3178[598.18][e]).

3. INFANTS — COURTS — PROBATE COURTS — COMMITMENT OF MINOR — CONDITIONAL COMMITMENT — STATUTES.
   A probate court may commit a minor to the Department of Social Services conditionally only as provided by statute; a commitment for the purpose of purchasing services from a private agency is not a valid condition under the statute, and where the condition is not a valid one, the commitment is not a conditional commitment (MCL 400.203; MSA 25.383).

4. COURTS — PROBATE COURTS — JURISDICTION — STATUTES.
   A statute which provides that where a case is originally within the jurisdiction of the probate courts of two or more counties

the court in which proceedings are first commenced shall retain jurisdiction does not apply to a case in which one probate court had jurisdiction which was properly exercised and divested before a proceeding was commenced in a second probate court (MCL 701.22; MSA 27.3178[22]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Janis Meija* and *Robert N. Rosenberg,* Assistants Attorney General, for the Department of Social Services.

*Jason, Kowalski, Pugh & Poch,* for Gregory and Susan Wehr.

*Raven & Sterling, P.C.,* guardian ad litem for Linda Lou Griffin (Grand Traverse Probate Court) and for David E. and Coraline C. Lardie.

*Williams, Coulter, Cunningham, Davison & Reed,* for the Grand Traverse County Probate Judge.

*Douglas K. Wenzel,* guardian ad litem for Linda Lou Griffin (Alpena Circuit Court).

Before: BEASLEY, P.J., and D. E. HOLBROOK and G. R. COOK,* JJ.

G. R. COOK, J. The essential question presented for resolution in this case is whether the Grand Traverse County Probate Court or the Alpena County Probate Court has proper jurisdiction over Linda Lou Griffin, born February 21, 1975, and thus constitutes the proper forum to adjudicate adoption proceedings involving the child. Cases 78-2035, 78-2072 and 78-2073 concern appeals from the May 22, 1978, decision and order of the Alpena County Probate Court that only the Grand Tra-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

verse County Probate Court possessed adoptive jurisdiction over Linda Lou Griffin. By order of this Court on August 25, 1978, the appeals in these three cases were consolidated with appeals in Cases 78-2965 and 78-2966, both of which arise from a July 25, 1978, Alpena County Circuit Court order awarding temporary custody of Linda to Gregory and Susan Wehr, prospective adoptive parents of Linda, who reside in Alpena county.

The complex litigational history of these cases requires a detailed examination of their underlying facts. During the proceedings in Alpena County Probate Court to determine whether it or the Grand Traverse County Probate Court had jurisdiction over Linda, the parties stipulated as follows:

"1. That the parental rights concerning Linda Lou Griffin were terminated in Grand Traverse County by Order of the Probate Court on February 14, 1977, pursuant to * * * [MCL 712A.2(b); MSA 27.3178(598.2)(b)].

"2. That a Petition for Re-Hearing was filed in the Probate Court on April 5, 1977.

"3. That the matter was re-heard in the Probate Court on May 5, 1977.

"4. That a decision reaffirming its subsequent Order for Termination of Parental Rights was issued on September 6, 1977.

"5. That an Application for Delayed Leave to Appeal was filed on October 13, 1977.

"6. That said Application for Delayed Leave to Appeal was denied by the Circuit Court for the County of Grand Traverse on March 8, 1978.

"7. That the Probate Court for the County of Grand Traverse issued an Order committing Linda Lou Griffin to Child and Family Services on September 30, 1977.

"That said Order states in pertinent parts the following:

" '[THEREFORE IT IS ORDERED,] that [LINDA

LOU GRIFFIN] is hereby committed to Child [&] Family Services of Michigan for the purpose of adoption or suitable placement, and said agency may make immediate plans for placement, there being no re-hearing or appeal time remaining.'

"8. That the Probate Court for the County of Grand Traverse issued an Order committing Linda Lou Griffin to The Department of Social Services for a purchase of service to Child and Family Services of Michigan on October 4, 1977. Said Order states in pertinent parts the following:

" '[THEREFORE IT IS ORDERED,] that [LINDA LOU GRIFFIN] is hereby committed to [t]he Department of Social Services for purchase of service to Child [&] Family Services of Michigan for the purpose of adoption or suitable placement.

" '[IT IS FURTHER ORDERED], that in all other respects the Order of September 30, 1977 is hereby reaffirmed and remains in full force and effect.'

"9. That the contract between The Department of Social Services and Child and Family Services of Michigan expired on February 23, 1978.

"10. That the Grand Traverse County Probate Court issued an Order vacating and setting aside its October 4, 1977 Order and further ordering that Linda Lou Griffin be committed to Child and Family Services of Michigan on April 3, 1978. Said Order states in pertinent parts the following:

" '[THEREFORE IT IS ORDERED,] that the Order of October 4, 1977 committing the captioned child to [t]he Department of Social Services is hereby vacated and set aside.

" '[IT IS FURTHER ORDERED], that the prior Order of September 30, 1977 [,] committing said juvenile to Child [&] Family Services of Michigan for adoption or suitable placement is hereby reinstated and said agency shall henceforth have full responsibility for the custody and placement of said child.

" '[IT IS FURTHER ORDERED], that said child shall remain in her present temporary foster home placement until the agency completes adoption arrangements or otherwise approves a move.'

"11. That The Department of Social Services—Alpena County arranged a pre-adoption visit for Gregory and Susan Wehr of Alpena County which was held on April 13th and 14th of 1978.

"12. That Gregory and Susan Wehr and Miss La-Crosse of the Alpena Department of Social Services caused Linda Lou Griffin to be transported from Grand Traverse County to Alpena County where she presently remains, on April 16, 1978.

"13. That Gregory and Susan Wehr were licensed as a foster home on the 1st day of April, 1978 by the Bureau of Regulatory Services, Department of Social Services.

"14. That a Petition for Adoption on behalf of Gregory and Susan Wehr was filed in the Probate Court for the County of Alpena on March 22, 1978 requesting the adoption of Linda Lou Griffin and sponsored by The Department of Social Services.

"15. Consent to adoption by Other Than Parents was signed by The Department of Social Services and filed March 29, 1978 by Richard Higley, Superintendent of Michigan Children's Institute, State of Michigan, Department of Social Services."

The Alpena County Circuit Court on April 28, 1978, issued a temporary restraining order forbidding removal of Linda from the Wehr's residence. After noting that the probate courts of both Alpena and Grand Traverse counties had active files on the child, the Alpena County Circuit Court instructed the Wehrs to petition Alpena County Probate Court for immediate consideration of their adoption petition so that the question of probate court jurisdiction over Linda could be decided.

Pursuant to this directive, the parties appeared in Alpena County Probate Court on May 17, 1978. That court on May 22, 1978, entered its decision and order that the Grand Traverse County Probate Court had sole jurisdiction over Linda, stating in pertinent part:

"The three orders issued by the Grand Traverse Probate Court clearly indicate to this Court that the Court did not intend to release Linda Lou to any agency for adoption or [to] permanently * * * release the child from its jurisdiction until at such time as each agency had fully complied with the terms of the commitment orders.

* * *

"The purpose of the commitment in the present case was "for purchase of service to Child and Family Services of Michigan for the purpose of adoption or suitable placement'. The commitment, therefore, was a qualified and restricted commitment to the Michigan Department of Social Services. * * *.

"In the present case, because the Order of commitment to the Michigan Department of Social Services was qualified and restricted to the purpose of purchasing services from the Child and Family Services of Michigan, it cannot be said that the qualified commitment to the Michigan Department of Social Services divests the Grand Traverse County Probate Court of its continuing jurisdiction to oversee the fulfillment of the conditions of the commitment."

On June 1, 1978, the Grand Traverse County Probate Court issued an order confirming the adoption of Linda Lou Griffin by David E. and Coraline C. Lardie, residents of Grand Traverse county. However, the Alpena County Circuit Court on July 24, 1978, ordered temporary custody of Linda to remain with the Wehrs. The effect of this order was to stabilize Linda's custodial environment pending this Court's adjudication of the adoptive jurisdiction controversy.

Determination of which forum possesses adoptive jurisdiction over Linda Lou Griffin depends upon the proper interpretation of the three orders issued by the Grand Traverse County Probate Court on September 30, 1977, October 4, 1977, and April 3, 1978. The Alpena County Probate Court's

May 22, 1978, decision held that these orders resulted in a valid *conditional* commitment of Linda to the Michigan Department of Social Services (DSS), with continuing jurisdiction in the Grand Traverse probate court to revoke this commitment if the DSS did not fulfill the conditions of commitment to the probate court's satisfaction. The opposing view, held by the DSS, is that the Grand Traverse probate court's October 4, 1977, commitment of Linda to the DSS was *irrevocable* and divested the Grand Traverse probate court of any further jurisdiction in the matter. According to this view, subsequent DSS efforts to place Linda for adoption in Alpena county validly vested adoptive jurisdiction in the Alpena County Probate Court, and the latter erred reversibly by ruling otherwise.

We note initially that probate court jurisdiction over children is not inherent but is based upon constitutional and statutory provisions. Const 1963, art 6, § 15; *Fritts v Krugh,* 354 Mich 97, 112; 92 NW2d 604, 612 (1958). Particularly relevant to the instant dispute are the juvenile code, MCL 712A.1 *et seq.;* MSA 27.3178(598.1) *et seq.* and the act establishing the Michigan Children's Institute, MCL 400.201 *et seq.;* MSA 25.381 *et seq.*

The Grand Traverse County Probate Court obtained jurisdiction over Linda when she was removed from her natural parents pursuant to MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1). This jurisdiction would continue until she reached the maximum age of jurisdiction "unless released sooner by order of the court". MCL 712A.2a(1); MSA 27.3178(598.2a)(1). Consequently, that court's September 30, 1977, order committing Linda "to Child & Family Services of Michigan for the purpose of adoption or suitable placement" was valid. MCL

712A.18(d); MSA 27.3178(598.18)(d). It is important to note that this commitment did *not* divest the. Grand Traverse probate court of jurisdiction over Linda, since MCL 712A.5; MSA 27.3178(598.5) provides that "[c]ommitments to a private or incorporated institution or agency shall not divest the juvenile division of the probate court of jurisdiction unless the child is adopted in a manner provided by law".

Because the Grand Traverse probate court retained jurisdiction over Linda subsequent to its September 30, 1977, order, that court, by its order of October 4, 1977, was able to modify the September 30 order and commit Linda "to the Department of Social Services for purchase of service to Child & Family Services of Michigan for the purpose of adoption or suitable placement". This commitment was authorized by MCL 712A.18(e); MSA 27.3178(598.18)(e). However, we hold that the order of October 4, 1977—unlike the order of September 30, 1977—constituted an irrevocable commitment of Linda to the DSS and divested the Grand Traverse probate court of any further jurisdiction over her. That court's order of April 3, 1978, was therefore invalid.

Several considerations support our conclusion that the order of October 4, 1977, was irrevocable. First, as noted previously, MCL 712A.5; MSA 27.3178(598.5) specifically states that the probate court is not divested of jurisdiction when a child is committed "to a private or incorporated institution or agency * * *". By contrast, there exists no similar statutory provision reserving jurisdiction in the probate court for commitments made to a public institution or agency.

Secondly, we note the difference in language between MCL 712A.18(d); MSA 27.3178(598.18)(d)

and MCL 712A.18(e); MSA 27.3178(598.18)(e). The former allows the probate court to *"[p]lace* the child in or *commit* the child to a private institution or agency \* \* \*". (Emphasis supplied.) The latter authorizes the probate court only to *"[c]ommit* the child to a public institution \* \* \*". (Emphasis supplied.) Since the word "place" does not carry the connotations of finality and severance of authority inherent in the term "commit", we conclude that the Legislature used these terms advisedly and intended a commitment under subsection (e) to be final and irrevocable. This argument receives support from the fact that the distinction between "place" and "commit" is maintained not only within subsection (e), but also throughout the other subsections of MCL 712A.18; MSA 27.3178(598.18).

The third argument suggesting irrevocability of the October 4th order derives from the fact that when the Grand Traverse probate court committed Linda to the DSS she was thereby placed in the Michigan Children's Institute (MCI) pursuant to MCL 400.203(a); MSA 25.383(a). Although MCL 400.203(b); MSA 25.383(b) allows admission of a child to the MCI by "temporary commitment" for observation, the Legislature did not use the adjective "temporary" to limit commitment under subsection (a). Commitment under subsection (a) is therefore logically permanent in nature.

Finally, our analysis of this issue would not be complete without a brief discussion of two relevant opinions of the Michigan Attorney General. OAG, 1945-1946, No 3552, p 336 (May 23, 1945), presented the following question:

"When a child is committed to a public institution such as M.C.I. [Michigan Children's Institute] under (e) of Section 18 of Act 54 P.A. 1944 by the Juvenile Court

and such institution accepts the child, does the Court retain any further jurisdiction?"

In answering this question, the above-cited opinion referred to OAG, 1945-1946, No 3091, p 221 (February 7, 1945), which states at 222:

"A careful reading of section 5 of Act No. 220, Public Acts of 1935, and sections 7 and 9 of the act as amended by Act No. 8, Public Acts of 1944 Extra Session, will, in our opinion, clearly show that (1) children placed in the Michigan Children's Institute become the wards of the State; (2) are under the supervision and control of the Michigan Juvenile Institute Commission; (3) which has the power and duty of maintenance, health, instruction and training of the children, and placing and supervising them in homes, without further order from the court committing the child.

"It is therefore our opinion that a child committed by the probate court to the Michigan Children's Institute is received by said institute subject to the provisions of Act No. 220, Public Acts of 1935 (as amended by Act No. 8, Public Acts of 1944 Extra Session), and is subject to the provisions of said act in each individual case, depending upon the purpose for which the child was committed."

Although the opinion does not specifically state that the probate court loses jurisdiction upon commitment of a child to a public institution pursuant to MCL 712A.18(e); MSA 27.3178(598.18)(e), it does note that the MCI may place the committed child in a home without a further court order. Furthermore, MCL 400.209; MSA 25.389 authorizes the superintendent of the MCI "to consent to the adoption * * * of any child who may have been committed to said institute, pursuant to the laws for the adoption * * * of minors". Since valid consent to adoption can only be given "[b]y the

duly authorized representative of the department or of a child placing agency to whom the child has been permanently committed by an order of the juvenile division of the probate court", MCL 710.43(1)(b); MSA 27.3178(555.43)(1)(b), it follows that commitment of a child pursuant to MCL 712A.18(e); MSA 27.3178(598.18)(e), and reception of that child into the MCI by virtue of this commitment compels the conclusion that the child's commitment must be permanent. Otherwise the MCI, through the DSS, would be unable validly to consent to subsequent adoption of the child as provided by statute. Therefore, the October 4, 1977, order of the Grand Traverse County Probate Court was of necessity a permanent commitment.

We do not agree that the final clause of the above-quoted opinion, "depending upon the purpose for which the child was committed", envisions power in a probate court to make a conditional commitment to the DSS. This clause is more properly interpreted as referring to the different types of commitment found in MCL 400.203; MSA 25.383. Because Linda Lou Griffin was admitted to the MCI pursuant to subsection (a)(1) of the statute, other subsections of the same statute dealing with conditional commitment to the MCI are inapplicable to her case. Furthermore, because a probate court may condition a commitment to the DSS only as provided by MCL 400.203; MSA 25.383, and since the condition ostensibly imposed by the Grand Traverse probate court's October 4, 1977, order is not recognized as a valid condition under this statute, the condition which the probate court attempted to impose is void.

Certain of the parties cite MCL 701.22; MSA 27.3178(22) as dispositive of the issue presented. That statute provides as follows:

"When a case shall be originally within the jurisdiction of the probate court of 2 or more counties, the court which shall first take cognizance thereof by the commencement of proceedings, shall retain the same throughout."

This statute is inapplicable for two reasons. First, only the Grand Traverse probate court originally had jurisdiction over Linda. It properly exercised this jurisdiction in the neglect proceedings. The Alpena County Probate Court had no jurisdiction at that time.

Secondly, at the time the Wehrs filed an adoption petition with the Alpena probate court, the Grand Traverse probate court no longer had jurisdiction over the child because it had divested itself of jurisdiction by virtue of its October 4, 1977, order. There was therefore no statutory impediment to the Wehr's filing of an adoption petition in Alpena county.

Our disposition of the first issue on appeal obviates the need for any extended discussion of the Alpena County Circuit Court's June 22, 1978, order awarding temporary custody of Linda to Gregory and Susan Wehr. The Alpena Circuit court should not be criticized for attempting to stabilize the custodial environment of Linda Lou Griffin pending resolution of the complex jurisdictional dispute on appeal. We need not decide whether the circuit court's actions were technically imperfect.

We reverse the May 22, 1978, order of the Alpena County Probate Court and remand this case to that court for its consideration of the Wehrs' petition for adoption of Linda Lou Griffin. This remand is without prejudice to the right of David E. and Coraline C. Lardie to file in that court a petition for the adoption of Linda. The Alpena probate court shall expeditiously consider

the petition or petitions filed and shall decide them based upon the best interests of Linda Lou Griffin. Pursuant to our power under GCR 1963, 820.1(7), we order that temporary custody of Linda Lou Griffin be continued with the Wehrs until the Alpena County Probate Court has issued an order confirming Linda Lou's adoption.

Reversed and remanded for further proceedings not inconsistent with this opinion.