*In re* JACKSON

Docket No. 94456. Submitted June 17, 1987, at Lansing. Decided
September 10, 1987. Leave to appeal denied, 429 Mich —.

Anthony A. Jackson, a minor, was found in the Oakland County
Probate Court, Juvenile Division, to have committed assault
and battery, breaking and entering an occupied dwelling and
robbery. The probate court ordered that Jackson be committed
to the Department of Social Services until he reached the age
of nineteen. The Department of Social Services appealed to the
Oakland Circuit Court. The circuit court, Gene Schnelz, J.,
found that the probate court lacked authority to specify the
length of Jackson's commitment. The prosecutor sought leave
to appeal to the Court of Appeals which denied leave to appeal
on May 13, 1986. Docket No. 89149. The prosecutor then sought
leave to appeal to the Supreme Court which, in lieu of granting
leave to appeal, remanded to the Court of Appeals for consider-
ation as on leave granted. 425 Mich 884 (1986).

The Court of Appeals *held:*

The probate court released its jurisdiction by committing
Jackson to the Department of Social Services. The probate
court had no authority to specify the length of Jackson's
commitment to the Department of Social Services.

The order of the circuit court is affirmed.

1. INFANTS — PROBATE COURTS — JURISDICTION.

A probate court has jurisdiction over a juvenile offender for two
years beyond the juvenile's seventeenth birthday unless juris-
diction is released earlier by order of the court (MCL
712A.2a[1]; MSA 27.3178[598.2a][1]).

2. COURTS — PROBATE COURTS — JURISDICTION — COMMITMENT OF
MINORS — PUBLIC AGENCY.

The placement of a juvenile with a public agency by a probate

REFERENCES

Am Jur 2d, Juvenile Courts and Delinquent and Dependent Chil-
dren §§ 16 *et seq.*; 29 *et seq.*

Age of child at time of alleged offense or delinquency, or at time of
legal proceedings, as criterion of jurisdiction of juvenile court. 89
ALR2d 506.

court divests the probate court of jurisdiction over the juvenile (MCL 712A.18[1][e]; MSA 27.3178[598.18][1][e]).

3. INFANTS — PROBATE COURTS — COMMITMENT OF MINORS — YOUTH REHABILITATION SERVICES ACT.

A probate court which places a juvenile offender with the Department of Social Services pursuant to the Youth Rehabilitation Services Act has no authority to specify the length of the juvenile's commitment (MCL 803.307; MSA 25.399[57]).

*L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for the Oakland County Prosecuting Attorney.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Erica Weiss Marsden,* Assistant Attorney General, for the Department of Social Services.

Before: DANHOF, C.J., and DOCTOROFF and T. M. GREEN,* JJ.

PER CURIAM. Anthony Andre Jackson was found in the Oakland County Probate Court, Juvenile Division, to have committed assault and battery, breaking and entering an occupied dwelling and robbery. The Oakland County Probate Court ordered that Jackson be committed to the Department of Social Services until he reached the age of nineteen. The circuit court found that the probate court lacked authority to specify the length of Jackson's commitment. This Court initially denied leave to appeal, but considers on remand from our Supreme Court, 425 Mich 884 (1986), the issue of the probate court's authority to set the length of commitment.

The probate court has jurisdiction over a juve-

* Circuit judge, sitting on the Court of Appeals by assignment.

nile offender for two years beyond the juvenile's seventeenth birthday unless jurisdiction is released earlier by order of the court. MCL 712A.2a(1); MSA 27.3178(598.2a)(1). The probate court is authorized by MCL 712A.18(1); MSA 27.3178(598.18)(1) to dispose of a case by various means, including placement or commitment with a private agency or commitment with a public agency. The issue presented in this case is whether the probate court released its jurisdiction by committing Jackson to the Department of Social Services.

Although *In re Griffin,* 88 Mich App 184; 277 NW2d 179 (1979), is not directly on point, we find its reasoning persuasive. MCL 712A.5; MSA 27.3178(598.5) specifically provides that placement with a private agency does not divest the probate court of jurisdiction. There is no similar provision with regard to placement with a public agency. In addition, the authorization to commit the child to a public agency under MCL 712A.18(1)(e); MSA 27.3178(598.18)(1)(e) uses the word "commit," which connotes finality, as opposed to "place."

Moreover, in the present case, Jackson was committed under the Youth Rehabilitation Services Act, MCL 803.301 *et seq.;* MSA 25.399(51) *et seq.* Section 7 of the act provides:

> A youth accepted by the department shall remain a ward of the state until discharged from state wardship with the approval of the youth parole and review board created in section 120 of Act No. 280 of the Public Acts of 1939, being section 400.120 of the Michigan Compiled Laws. If placed in an institution, a state ward shall remain until released with the approval of the youth parole and review board as provided in section 121 of Act No. 280 of the Public Acts of 1939, as amended, being section 400.121 of the Michigan

Compiled Laws. A youth accepted as a state ward
is automatically discharged from state wardship
upon reaching the age of 19. [MCL 803.307; MSA
25.399(57).]

According to the act, the youth parole and review
board has authority to discharge a ward of the
Department of Social Services. Therefore, the pro-
bate court had no authority to specify the length
of Jackson's commitment to the Department of
Social Services.

The order of the circuit court is affirmed.