*In re* MOSS

Docket No. 112498. Submitted June 8, 1989, at Detroit. Decided September 6, 1989.

Patrick Moss was adjudged a delinquent by the Wayne County Probate Court, Juvenile Division, Frances Pitts, J., pursuant to a petition filed by the Wayne County Prosecutor charging Moss with arson. Following a psychological evaluation which indicated that respondent was emotionally disturbed and mentally retarded, the court made respondent a temporary ward of the court, ordered his commitment to the Department of Social Services, and ordered that respondent continue to be treated at Aurora Hospital until the DSS could transfer respondent to a suitable treatment facility within twenty days. When respondent remained at Aurora Hospital beyond the twenty-day period for transfer, Michigan Health Care Corporation brought an emergency motion in the probate court for an order to show cause why the DSS had not transferred respondent. The court, Paul R. Mahinske, J., entered an order directing the DSS to place respondent in a mental-health residential facility or a long-term care hospital within thirty days or be held in contempt of court. The court further ordered that respondent remain at Aurora Hospital in the interim and that, while there and at any other facility, respondent may be treated with antipsychotic medication as deemed necessary by his treating physicians. The court also restricted visitation and contact by respondent's mother. Respondent appealed from the probate court's orders.

The Court of Appeals *held:*

1. Generally, a probate court loses jurisdiction over a minor after it orders the minor's commitment to a public agency. Here, however, the DSS failed to assume jurisdiction over respondent when it failed to transfer him to a suitable treatment facility as ordered. Thus, the probate court continued to main-

REFERENCES

Am Jur 2d, Courts § 104; Infants § 22.

See the Index to Annotations under Children; Probate Courts and Proceedings.

tain jurisdiction and its orders subsequent to the emergency motion were not therefore void.

2. On remand, the probate court is directed to ensure that the DSS complies with the probate court's orders to place respondent in a suitable treatment facility.

Affirmed and remanded.

1. COURTS — PROBATE COURTS — JURISDICTION OVER MINORS — COMMITMENT TO PUBLIC AGENCIES.

Generally, a probate court loses jurisdiction over a minor after it orders the minor's commitment to a public agency such as the Department of Social Services (MCL 712A.18[1][e]; MSA 27.3178[598.18][1][e]).

2. COURTS — PROBATE COURTS — JURISDICTION OVER MINORS — COMMITMENT TO PUBLIC AGENCIES.

A probate court does not lose jurisdiction over a minor for whom it has ordered commitment to the Department of Social Services following a delinquency proceeding where the department fails to assume jurisdiction over the minor by failing to comply with an order of the court directing the department to place the minor in a mental health facility for treatment.

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training and Appeals, and *Jane Cramer,* Assistant Prosecuting Attorney, for petitioner.

*Scott F. Bergo,* for respondent.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and NEFF, JJ.

PER CURIAM. Following a delinquency disposition hearing, the probate court found that respondent Patrick Moss, a juvenile born March 2, 1974, had committed the offense of arson of real property, MCL 750.73; MSA 28.268. A comprehensive psychological evaluation of respondent indicated that he was severely emotionally disturbed as well as mentally retarded. After considering this evaluation, Wayne County Probate Judge Frances Pitts ordered that Patrick Moss be made a temporary

ward of the court and that he remain in treatment at Aurora Hospital until transferred by the Department of Social Services. The court further ordered that Patrick be committed to the DSS and that the DSS place him in a suitable treatment facility within twenty days of the court's order. Judge Pitts' order was entered September 23, 1988.

In November of 1988, the Michigan Health Care Corporation brought an emergency motion in the probate court for an order to show cause why the DSS had not moved Patrick Moss from Aurora Hospital to place him in a suitable treatment facility as required by Judge Pitts' order. This motion asserted that the doctors treating Patrick felt that Aurora Hospital was an inappropriate place to treat him because it was an acute-care facility only.

Pursuant to this motion, Acting Probate Judge Paul Mahinske entered an order directing that the DSS place Patrick in a closed mental-health residential facility or a long-term care hospital within the next thirty days or be held in contempt of court. Judge Mahinske ordered that Patrick remain at Aurora Hospital until placed by the DSS, and that while there or at any other facility he may be treated with antipsychotic medicines as deemed necessary by his treating physicians. This order also restricted Patrick's mother's involvement with him to one personal visit and one phone call per week.

I

Respondent first argues that the orders of Judge Pitts and Judge Mahinske are void because the probate court lacked jurisdiction to control respondent's placement after committing him to the DSS. We disagree.

Section 18 of the juvenile code empowers the probate court to place a juvenile in an appropriate institution, to provide for appropriate medical care, and to order the child's parents to refrain from conduct which contributes to the child's delinquency or obstructs placement or commitment of the child. MCL 712A.18(1)(e), (f) and (g); MSA 27.1378(598.18)(1)(e), (f), and (g).

The probate court retains jurisdiction over a child it commits to a private or incorporated institution or agency. MCL 712A.5; MSA 27.3178(598.5); *In re Jackson,* 163 Mich App 105, 107; 414 NW2d 156 (1986), lv den 429 Mich 885 (1987); *In re Griffin,* 88 Mich App 184, 192; 277 NW2d 179 (1979). However, commitment of the child to a public agency, such as the DSS, irrevocably divests the probate court of jurisdiction over the child. *Id.*

Under Judge Pitts' original September, 1988, placement order, respondent Patrick Moss was made a temporary ward of the court and was placed in Aurora Hospital, where he was to remain until transferred by the DSS to a suitable treatment facility. Since the DSS never moved to place Patrick in a suitable facility or to transfer him from Aurora Hospital, the court never lost jurisdiction over him. Dss's failure to accept jurisdiction over Patrick by placing him in a suitable facility resulted in the probate court's retaining jurisdiction over him. The probate court continued to retain its jurisdiction over Patrick when Judge Mahinske ordered the DSS to place him in a closed mental-health residential facility or a long-term care hospital within thirty days. The record fails to demonstrate that the DSS has complied with this order by placing Patrick in such a facility, so we must assume that jurisdiction over him remains with the probate court. The probate court did not

lose jurisdiction over respondent, so its orders are not void and should be enforced.

## II

Respondent next argues that his case must be remanded to the probate court for further dispositional hearings because the court's previous dispositional orders were void. We disagree with this assertion as we have found that the probate court's orders were not void. However, the record before this panel does not indicate that the DSS ever complied with either of the probate court's orders placing Patrick in an appropriate care facility. We therefore remand this case to the probate court and direct the court to ensure that the DSS complies with its orders to place Patrick Moss in a suitable treatment facility.

Affirmed. Remanded for further proceedings consistent with this opinion.