*In re* ESTATE OF FRASER.

PETITION OF COOK.

1. Courts—Jurisdiction.

Courts are bound to take notice of the limits of their authority and should, on their own motion, though the question is not raised by pleadings or counsel, recognize lack of jurisdiction and stay proceedings, dismiss the action, or otherwise dispose thereof at any stage of the proceeding.

2. SAME—JURISDICTION—WAIVER—CONSENT.
   Jurisdiction of a court cannot rest upon waiver or consent.

3. SAME—JURISDICTION OF PROBATE COURT.
   Probate courts have only special statutory jurisdiction and are incapable of dealing completely with ordinary rights.

4. SAME—PROBATE COURT—VESTED RIGHTS—TITLE OF PERSONALTY.
   The probate court may not divest or decide upon vested rights of property nor try title to personal property.

5. SAME—JURISDICTION—APPEAL FROM PROBATE COURT.
   Neither the circuit court nor the Supreme Court acquire jurisdiction to act in a case on appeal from the probate court where the probate court had no jurisdiction.

6. SAME—JURISDICTION—DISMISSAL WITHOUT PREJUDICE.
   Order of circuit court dismissing petition of heir of deceased, originally filed with and granted by probate court to require widow to turn over securities to administrator, is stayed and petition dismissed, but without prejudice and without costs, the probate court not having had jurisdiction to entertain such a petition.

Appeal from St. Clair; Robertson (William), J. Submitted January 6, 1939. (Docket No. 65, Calendar No. 40,282.) Decided April 4, 1939.

In the matter of the Estate of Donald A. Fraser, deceased. Petition in the probate court by Ethel Cook, one of the heirs at law, for an order compelling Isabelle M. Fraser to deliver certain securities to Joseph E. Vincent, administrator. From order of probate court for petitioner, Isabelle M. Fraser appealed to the circuit court. Petition dismissed. Petitioner appeals. Affirmed, but without prejudice.

*Stanley C. Benedict* (*Burt D. Cady*, of counsel), for petitioner.

*J. Frank Wilson*, for appellee.

POTTER, J. Ethel Cook, daughter of Donald A. Fraser, deceased, filed a petition in the probate court of St. Clair county praying that that court order Isabelle M. Fraser, the widow of deceased, to surrender certain securities in her possession to the administrator of the estate of Donald A. Fraser, deceased. The widow, Isabelle M. Fraser, claimed the securities as her own property. The probate court ordered the surrender of the securities by her, and, on appeal, the circuit court held she was the owner thereof. Petitioner, Ethel Cook, appeals.

Courts are bound to take notice of the limits of their authority, and a court may, and should, on its own motion, though the question is not raised by the pleadings or by counsel, recognize its lack of jurisdiction and act accordingly by staying proceedings, dismissing the action, or otherwise disposing thereof, at any stage of the proceeding. 15 C. J. p. 852; *Bradley* v. *Board of State Canvassers,* 154 Mich. 274; *J. F. Hartz Co.* v. *Lukaszcewski,* 200 Mich. 230; *Bolton* v. *Cummings,* 200 Mich. 234; *Ideal Furnace Co.* v. *International Molders' Union of North America,* 204 Mich. 311; *Warner* v. *Noble,* 286 Mich. 654. Jurisdiction cannot rest upon waiver or consent. *Allen* v. *Carpenter,* 15 Mich. 25; *Kirkwood* v. *Hoxie,* 95 Mich. 62 (35 Am. St. Rep. 549); *Hull* v. *Hull,* 149 Mich. 500; *Maslen* v. *Anderson,* 163 Mich. 477; *People* v. *Meloche,* 186 Mich. 536; *Carpenter* v. *Dennison,* 208 Mich. 441; *Walsh* v. *Kent Circuit Judge,* 225 Mich. 51; *Shane* v. *Himelstein,* 227 Mich. 465; 17 Am. & Eng. Encyc. Law (2d Ed.), p. 1060; *Morris* v. *Gilmer,* 129 U. S. 315 (9 Sup. Ct. 289); *Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U. S. 379 (4 Sup. Ct. 510).

Probate courts have only special statutory jurisdiction. They derive their jurisdiction and powers

from statute. *Holbrook* v. *Cook,* 5 Mich. 225; *Grady* v. *Hughes,* 64 Mich. 540; *Hewitt* v. *Durant,* 78 Mich. 186; *Scholten* v. *Scholten,* 238 Mich. 679; *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich. 563; *In re Donovan's Estate,* 266 Mich. 362 (91 A. L. R. 1418); *In re Estate of Jeffers,* 272 Mich. 127; *In re Estate of Meredith,* 275 Mich. 278 (104 A. L. R. 348). They are incapable of dealing completely with ordinary rights. *Detroit, L. & N. R. Co.* v. *Livingston Probate Judge,* 63 Mich. 676; *In re Graham's Estate,* 276 Mich. 321.

It is not a proper function of the probate court to divest or decide upon vested rights of property. *Besancon* v. *Brownson,* 39 Mich. 388. It is not a proper tribunal to try title to personal property. *Mitchell* v. *Bay Probate Judge,* 155 Mich. 550, and cases cited; *Rudolphi* v. *Gilbert,* 209 Mich. 141; 90 A. L. R. 134 note.

The probate court had no jurisdiction. The circuit court had no greater jurisdiction of the case than had the probate court. 3 C. J. p. 366; 4 C. J. S. p. 121. The probate court having no jurisdiction, the circuit court acquired none by appeal, *Northern Michigan Building & Loan Ass'n* v. *Fors,* 171 Mich. 331, and this court has none.

The order of the circuit court is stayed and the petition dismissed, but without prejudice and without costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH, and McALLISTER, JJ., concurred.