*In re* DaBAJA

Docket No. 136146. Submitted June 4, 1991, at Grand Rapids. Decided
September 16, 1991, at 9:30 A.M. Leave to appeal denied, 439
Mich 917.

Kathleen and Franklin Bass, a married couple, petitioned the
Wexford County Probate Court for the adoption by Franklin
Bass of Ronny Ghazi DaBaja, the minor son of Kathleen Bass
and her former husband, Ghazi Turke DaBaja. The petitioners
informed the probate court that the child was subject to the
continuing jurisdiction of the Wayne Circuit Court, which had
granted a divorce to Kathleen Bass and Ghazi DaBaja, awarded
custody of the child to Kathleen Bass, granted visitation by
Ghazi DaBaja, and ordered Ghazi DaBaja to pay child support.
The probate court, Walter F. Ransom, J., pursuant to MCL
710.51(6); MSA 27.3178(555.51)(6) terminated the parental
rights of Ghazi DaBaja in the child, finding that in the two-year
period preceding the petition for adoption, he had failed to
substantially comply with the child support order and failed to
contact or communicate with the child. Ghazi DaBaja appealed,
claiming that the termination of parental rights was improper
because the probate court proceeded without the investigation
report required by MCL 710.46; MSA 27.3178(555.46), failed to
give due consideration to the circuit court's continuing jurisdic-
tion over the child, and failed to notify the Wayne County
Clerk and the Wayne County Prosecuting Attorney of the
adoption proceedings as required by MCR 3.205(C).

The Court of Appeals *held:*

1. MCL 710.46; MSA 27.3178(555.46) requires a probate court
in an adoption proceeding to order an investigation of the best
interests of the adoptee, the adoptee's family background, and
the reasons for the adoption. Section 46 also requires that a
written report of the investigation be filed within three months
of the order. However, § 46 provides no penalty or sanction for
a probate court's failure to comply with its requirements, and

REFERENCES

Am Jur 2d, Adoption §§ 27, 31, 35, 49, 55-57, 59, 61.
Required parties in adoption proceedings. 48 ALR4th 860.

such noncompliance provides insufficient cause for the Court of Appeals to set aside a termination of parental rights.

2. The Wexford County Probate Court properly had jurisdiction of the child concurrent with that of the Wayne Circuit Court because the child was a resident of Wexford County and was the subject of an adoption petition, MCL 710.24; MSA 27.3178(555.24), and because his father had failed or refused to provide proper support, MCL 712A.2(b); MSA 27.3178(598.2)(b). A waiver or transfer of jurisdiction by the circuit court was not required for the full and valid exercise of jurisdiction by the probate court; the probate court was not precluded from terminating the parental rights of the child's father once it found clear and convincing evidence that the father had failed to support and maintain contact with the child in the two-year period preceding the petition for adoption.

3. Under MCR 3.205, if a court assumes jurisdiction of a minor child who is already subject to the continuing jurisdiction of another court, the subsequent court must provide notice of the proceedings to the clerk or register, friend of the court, and prosecuting attorney of the county where the initial court is located. This requirement is procedural in nature, and noncompliance does not divest the subsequent court of jurisdiction it has properly acquired. In this case, the termination of parental rights may not be set aside on the basis of the probate court's failure to provide notice of the adoption proceedings to the Wayne County Clerk and the Wayne County Prosecuting Attorney.

Affirmed.

1. ADOPTION — ADOPTION CODE — INVESTIGATIONS — APPEAL.

The failure of a probate court in an adoption proceeding to comply with the requirement that it order an investigation into the best interests of the adoptee, the adoptee's family background, and the reasons for the adoption and the requirement that a written report of the investigation be filed before existing parental rights are terminated is an insufficient basis for the Court of Appeals to set aside a termination of parental rights where there exists clear and convincing evidence of statutory grounds for termination (MCL 710.46, 710.51; MSA 27.3178[555.46], 27.3178[555.51]).

2. ADOPTION — PROBATE COURTS — CIRCUIT COURTS — CONCURRENT JURISDICTION.

A probate court that in an adoption proceeding properly acquires jurisdiction of a child who is already subject to the continuing jurisdiction of a circuit court as a result of the divorce of the

child's parents does not lose concurrent jurisdiction where it fails to provide notice of the adoption proceeding to the clerk or register, friend of the court, or prosecuting attorney of the county where the circuit court is located; the notice requirement is procedural in nature, not jurisdictional (MCR 3.205).

*Don Hubbell,* for the petitioners.

*Alexander Betz* and *David B. Rosenberg,* for the respondent.

Before: MICHAEL J. KELLY, P.J., and MURPHY and NEFF, JJ.

MURPHY, J. Respondent appeals as of right a September 24, 1990, order entered by the Wexford County Probate Court terminating his parental rights in the minor child Ronny Ghazi DaBaja, the son of respondent and petitioner Kathleen Bass. Respondent's parental rights were terminated as part of the adoption proceedings initiated by petitioner and her present husband, petitioner Franklin Bass. We affirm.

Petitioner and respondent were married in 1980. Their son Ronny was born on June 16, 1982. On September 11, 1985, the Wayne Circuit Court entered a judgment of divorce that awarded custody of Ronny to petitioner and ordered her to allow weekly visitation by respondent. Respondent was ordered to pay weekly child support in the amount of $20, as well as the child's medical, dental, and hospitalization expenses, and to maintain hospitalization insurance for the child.

Petitioner and Ronny later moved to Cadillac, where petitioner married Franklin Bass on June 13, 1989. Ronny presently resides in Cadillac with petitioners. On July 12, 1990, the Basses filed a petition in the Wexford County Probate Court, seeking the adoption of Ronny DaBaja by Franklin

Bass. The petition informed the probate court that Ronny was subject to the continuing jurisdiction of the Wayne Circuit Court. On July 23, 1990, in conjunction with the petition of adoption, petitioners filed an affidavit to terminate respondent's parental rights in Ronny. Petitioners averred that respondent had failed to comply with the support order for a period of two years or more before the filing of the petition for adoption.

On July 24, 1990, the probate court notified the Wayne County Friend of the Court regarding the pending adoption proceedings and requested information regarding the support arrearage and any other pertinent information. The requested information was forwarded on August 3, 1990. After an evidentiary hearing on September 14, 1990, at which both petitioner and respondent testified, the probate court issued an opinion and order finding clear and convincing evidence that for more than two years before the filing of the petition respondent had failed to substantially comply with the terms of the support order, had made no reasonable effort to exercise his visitation rights, and had made no effort to contact or communicate with his son. Consequently, the court terminated respondent's parental rights in Ronny pursuant to MCL 710.51(6); MSA 27.3178(555.51)(6). Respondent's subsequent motion for rehearing was dismissed on November 30, 1990, when neither the parties nor their attorneys appeared at the hearing. The Wayne Circuit Court was duly informed of these orders.

On November 29, 1990, the Wayne Circuit Court sua sponte enjoined the parties from proceeding with the adoption proceedings pending in the Wexford County Probate Court, and on December 3, 1990, it took superintending control of the case. However, these orders were vacated on December

18, 1990, with the circuit court's warning that it retained jurisdiction over the case except for those matters within the exclusive jurisdiction of the probate court.

Respondent claimed an appeal to this Court and moved for a stay of proceedings in the probate court. Respondent contended that termination of his parental rights was improper because the September 14, 1990, hearing was held without the full investigation and report required by MCL 710.46; MSA 27.3178(555.46) and MCL 710.51; MSA 27.3178(555.51), without consideration of the pending circuit court proceeding regarding custody and visitation, and without proper notice to the circuit court of the adoption proceedings. This Court denied respondent's motion.

An investigation report that recommended the granting of the adoption petition was filed with the probate court on December 27, 1990.

I

Respondent contends that the probate court improperly terminated his parental rights because it conducted a hearing without first obtaining the results of the investigation required by §§ 46 and 51 of the Adoption Code, MCL 710.46; MSA 27.3178(555.46) and MCL 710.51; MSA 27.3178(555.51). Respondent argues that the court's inability to review the results of the investigation caused it to conclude erroneously that termination of respondent's parental rights was warranted. We disagree.

Section 46 of the Adoption Code requires the probate court in an adoption proceeding to order an investigation into the best interests of the adoptee, the adoptee's family background, and the reasons for the adoption. The statute also requires

that a written report of the investigation be filed within three months of when the investigation is ordered. Within fourteen days of the filing of the investigation report, the probate court is required to enter an order terminating the rights of the adoptee's parents if, upon examination of the report, the court determines the adoption is in the best interests of the adoptee and that the consent to the adoption, if any, is genuine. MCL 710.51(1); MSA 27.3178(555.51)(1).

In the present case, the probate court terminated respondent's parental rights approximately three months before the investigation report was filed. Obviously, given these facts, the probate court was unable to examine the report before making its decision. Therefore, it could not properly terminate respondent's parental rights pursuant to the procedure set forth in § 51(1).

However, this omission does not lead to the conclusion urged by respondent. The probate court terminated respondent's parental rights pursuant to MCL 710.51(6); MSA 27.3178(555.51)(6), which provides:

> If the parents of a child are divorced, or if the parents are unmarried but the father has acknowledged paternity or is a putative father who meets the conditions in section 39(2) of this chapter, and if the parent having legal custody of the child subsequently marries and that parent's spouse petitions to adopt the child, the court upon notice and hearing may issue an order terminating the rights of the other parent if both of the following occur:
>
> (a) The other parent, having the ability to support, or assist in supporting, the child, has failed or neglected to provide regular and substantial support for the child or if a support order has been entered, has failed to substantially comply with

the order, for a period of 2 years or more before the filing of the petition.

(b) The other parent, having the ability to visit, contact, or communicate with the child, has regularly and substantially failed or neglected to do so for a period of 2 years or more before the filing of the petition.

Respondent makes no claim that he was denied notice or a hearing and the record shows that he received both. In fact, respondent was present and testified at the termination hearing. Therefore, the court complied with the requirements of § 51(6) and could properly terminate respondent's parental rights upon finding clear and convincing evidence that the requisite conditions set forth in this subsection of the statute existed, even though the investigation report that was required for the actual adoption of the minor child had not yet been filed.

Moreover, in this case, the deposition of Virginia McCoy, the Senior Domestic Relations Specialist for the Wayne County Friend of the Court, in which the witness testified concerning respondent's failure to pay the court-ordered support, was admitted into evidence at the hearing. Therefore, in view of this evidence and the court's other findings, it seems highly unlikely that the investigation report, had it been available, would have recommended a different result or changed the outcome of the proceeding.

We also note that, although § 46 requires the filing of the investigation report within three months of when it is ordered, there is no penalty or sanction provided for failing to meet the deadline. In the absence of a penalty provision, we are not convinced that such a procedural defect by itself is sufficient cause for this Court to set aside the probate court's decision to terminate respon-

dent's parental rights. *In re Kirkwood,* 187 Mich App 542, 546; 468 NW2d 280 (1991).

II

Respondent also contends that the probate court improperly terminated his parental rights because it failed to give proper notice of the pending adoption proceeding to the Wayne Circuit Court and the Wayne County Friend of the Court and because it failed to give proper consideration to custody and visitation proceedings that were simultaneously pending in the circuit court. Respondent argues that, because the circuit court had continuing jurisdiction over the minor child as a result of the divorce proceedings between his parents, the probate court could not take jurisdiction over the child without giving proper notice of the adoption proceedings to the circuit court. Furthermore, respondent claims that because the probate court did not review the record of the circuit court proceedings, its finding that the statutory grounds for termination of his parental rights existed was clearly erroneous. Again, we find no merit in either of these arguments.

As respondent correctly contends, the Wayne Circuit Court retained jurisdiction to alter the custody order pertaining to the minor child after it issued the judgment of divorce and custody order in his parents' divorce action. MCL 552.17; MSA 25.97; MCL 552.17a; MSA 25.97(1). Nevertheless, the Wexford County Probate Court also had jurisdiction over the minor child pursuant to § 24 of the Adoption Code, MCL 710.24; MSA 27.3178(555.24), as an adoptee residing within the county, and pursuant to MCL 712A.2(b); MSA 27.3178(598.2)(b), the jurisdictional provision of the Juvenile Code, as a child under the age of eighteen

whose parent or person legally responsible for the child had failed or refused to provide proper support. In such cases of concurrent jurisdiction, the probate court is not required to obtain a waiver of jurisdiction by the circuit court in order to exercise its own jurisdiction, because probate jurisdiction is conferred by statute. *Krajewski v Krajewski,* 420 Mich 729, 734; 362 NW2d 230 (1984).

In this situation of concurrent jurisdiction over the minor child, the manner of notice to the circuit court and the authority of the probate court was governed by MCR 3.205. See MCL 712A.2(b); MSA 27.3178(598.2)(b). MCR 3.205 required the probate court to mail timely, written notice of the probate proceedings to the clerk or register, the friend of the court, and the prosecuting attorney of Wayne County. See also MCL 710.24a(g); MSA 27.3178(555.24a)(g).

The court rule also required the probate court to immediately provide notice of the entry of subsequent orders by mailing notices to these same parties. MCR 3.205(C)(1). The record shows that the probate court notified the Wayne County Friend of the Court regarding the filing of the adoption petition. The court also mailed a notice to the circuit court regarding the entry of the September 24, 1990, and November 30, 1990, orders terminating respondent's parental rights and denying his motion for rehearing. However, the court failed to notify the Wayne County Clerk or Prosecutor regarding commencement of the adoption proceedings.

Nevertheless, as the court rule expressly states, waiver or transfer of jurisdiction was not required for the full and valid exercise of the probate court's jurisdiction. Furthermore, the required notice was not jurisdictional and did not prevent the probate court from entering interim orders. MCR

3.205(A). In *Krajewski, supra,* the Supreme Court considered the extent of the probate court's power to deal with minor children who are in the jurisdictional circumstances described in MCL 712A.2(b); MSA 27.3178(598.2)(b), but are also wards of a circuit court by virtue of a custody award rendered as part of a divorce judgment. This Court had held that the probate court could not exercise full jurisdiction until the circuit court waived its jurisdiction. *Id.,* 733. However, the Supreme Court held that when the Legislature gave the probate court concurrent jurisdiction, it intended the statutory notice provisions and the related court rules to operate as procedural rules calculated to efficiently accomplish the purpose of the Juvenile Code. *Id.,* 733-734. These notice provisions describe the manner in which the statutorily conferred jurisdiction of the probate court should be exercised, but do not purport to limit its jurisdiction. *Id.,* 734. The authorization of temporary or interim orders is not a proscription of permanent orders. *Id.* The children intended to be protected by the Juvenile Code are best served by a procedure that provides for notice and opportunity to the prior court for the exercise of its responsibility within its jurisdiction to further the child's best interests, but also gives unrestricted freedom to the juvenile court to do the same. *Id.,* 734-735.

We find this reasoning persuasive and equally applicable to the statutory provisions and court rule at issue in this case. Therefore, we conclude that failure to give notice of the proceedings as required by the court rule did not divest the probate court of its jurisdiction. The probate court had the ability to exercise its jurisdiction over the minor child in this case, despite the Wayne Circuit Court's continuing jurisdiction over the child as a result of the prior divorce proceedings. We also

note that MCR 3.205(C)(2) required the probate court to give due consideration to prior continuing orders of the circuit court regarding this child and prohibited it from entering contrary or inconsistent orders "except as the welfare of the child and the interests of justice require." Thus, although the court rule protects the jurisdiction of the prior court and the validity of its orders, the probate court clearly had authority to terminate respondent's parental rights if the welfare of the minor child required this action, even if it was inconsistent with a prior order of the Wayne Circuit Court.

Similarly without merit is respondent's related argument that if the probate court had given the required due consideration to the prior circuit court proceedings, it would not have reached the clearly erroneous conclusion that grounds existed to terminate his parental rights. After review of the record, we conclude that clear and convincing evidence was presented that for two years or more before the petition was filed respondent, although having the ability to do so, had failed to comply with a support order and had substantially failed to contact or communicate with his son. MCL 710.51(6); MSA 27.3178(555.51)(6). Therefore, the probate court's findings that the statutory grounds existed were not clearly erroneous, and termination of respondent's parental rights was warranted. *In re Simon,* 171 Mich App 443, 448-449; 431 NW2d 71 (1988).

Affirmed.