*In re* FOSTER

Docket No. 199702. Submitted October 8, 1997, at Detroit. Decided
November 7, 1997, at 9:05 A.M.

The Family Independence Agency petitioned the Wayne County Pro-
bate Court to exert jurisdiction over Catherine Foster, a minor,
alleging neglect or abuse of the child by her parents, Steven L. Fos-
ter and Nancy M. Longhway, and by her paternal grandmother,
Beverly Foster. At that time, custody of the child was under the
continuing jurisdiction of the Wayne Circuit Court as a result of her
parents' divorce and the child was in the custody of Beverly Foster
pursuant to an order of the circuit court. The probate court,
Charles W. McDonald, J., upon pleas of no contest by the respon-
dents to some of the allegations in the petition, took temporary
wardship of the child and placed her in the care of Connie Oliver,
her maternal aunt. The FIA filed a supplemental petition seeking the
termination of Steven Foster's and Nancy Longhway's parental
rights to the child. On motion by the FIA, the probate court
excluded Beverly Foster as a party to the termination of parental
rights proceeding. Beverly Foster appealed in the Wayne Circuit
Court the probate court's exclusion of her from the termination of
parental rights proceeding. The circuit court, Carole F. Youngblood,
J., determined that the probate court was without jurisdiction to
consider the petition for termination of parental rights in light of
the circuit court's continuing jurisdiction over the child and that
Beverly Foster, as the child's legal custodian, has standing to inter-
vene in the termination of parental rights proceeding. The FIA
appealed in the Court of Appeals by leave granted.

The Court of Appeals *held*:

1. The circuit court erred in ruling that the probate court lacked
jurisdiction. MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1) confers
on the probate court jurisdiction over a minor whose parent, custo-
dian, or guardian neglects or refuses to provide proper care to the
minor or abandons the minor. A waiver or transfer of jurisdiction
by another court having jurisdiction over the child, or proper
notice to that court of the probate court proceeding, is not required
for the full and valid exercise of the probate court's jurisdiction.

2. The circuit court erred in ruling that Beverly Foster has standing to intervene in the termination of parental rights proceeding. No statute, court rule, or case law grants a legal custodian of a minor standing to intervene in such a proceeding.

Reversed.

1. COURTS — PROBATE COURT — CHILD ABUSE OR NEGLECT — JURISDICTION — PRIOR JURISDICTION BY CIRCUIT COURT.

A probate court has statutorily conferred jurisdiction over a minor whose parent, custodian, or guardian neglects or refuses to provide proper care to the minor or abandons the minor; where a minor is under the continuing jurisdiction of a circuit court following a divorce of the minor's parents, a waiver or transfer of such prior jurisdiction, or proper notice to the circuit court of the probate court proceeding, is not required for the full and valid exercise of the probate court's jurisdiction (MCL 712A.2[b][1]; MSA 27.3178[598.2][b][1]; MCR 3.205).

2. GUARDIAN AND WARD — LEGAL CUSTODIAN — STANDING TO INTERVENE IN PROCEEDINGS FOR TERMINATION OF PARENTAL RIGHTS.

A legal custodian of a child, when not a parent of the child, does not have standing to intervene in a proceeding for the termination of the parental rights of a parent of the child.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Bernard Rosner* and *Larry W. Lewis*, Assistant Attorneys General, for the Family Independence Agency.

Before: FITZGERALD, P.J., and MARKEY and J. B. SULLIVAN*, JJ.

PER CURIAM Petitioner, Family Independence Agency (FIA), appeals by leave granted the November 22, 1996, Wayne Circuit Court order "Establishing Jurisdiction and Granting Intervention." The circuit court held that it had jurisdiction over this child custody dispute involving Catherine Foster and that Beverly Foster, Catherine's paternal grandmother, had stand-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ing to intervene in the proceedings to terminate the parental rights of respondents Steven L. Foster and Nancy M. Longhway. We reverse.

Catherine was born on August 4, 1984. In the same year, Steven and Nancy sought a divorce in the Wayne Circuit Court. Beverly Foster, Steven's mother, was allowed to intervene in the divorce action as a third-party plaintiff. By ex parte order dated June 14, 1985, Wayne Circuit Judge Marvin R. Stempien directed Steven to return Catherine to the custodial care of Beverly, with whom Catherine apparently had been residing before June 7, 1985. The circuit court also retained jurisdiction over Catherine until she attained the age of eighteen years or until further order of the court.

On May 3, 1992, Catherine was removed from Beverly's home by the Detroit police because of allegations that Beverly was keeping Nancy locked up in the basement. The FIA filed a petition in the probate court on May 5, 1992, asking that the probate court take temporary custody of Catherine. The petition alleged:

> 1) The paternal grandmother is the legal guardian of the child. She has retained guardianship and maintained care of the child since 1985.
>
> 2) On May 3, 1992, the Detroit Police went to the paternal grandmother's home and removed the mother and the child due to the mother's report that she has been held captive by the paternal grandmother for the past seven years. The grandmother denies any participation in holding the mother against her will. A police investigation is pending. The police placed in [sic] the child in Protective Custody with the maternal aunt.
>
> 3) The mother is currently hospitalized in Sinia [sic] Hospital. Her release date is unknown. However, upon release,

she plans to move to Florida in order to continue her re-cooperation [sic] under the care of her parents.

4) The child told her maternal grandparents that she knew "a lady" was in the basement, of the paternal grandmother's home. She said that she felt sorry for "the lady: [sic] and would sometimes throw food down to her."

5) The father is Steven Foster. He has established paternity. He visits sporadically, however, he does not provide support.

6) The mother has requested that her child remain in the care of the maternal relatives until she is capable of resuming her parental role.

The petition also erroneously indicated that Catherine was not subject to the prior continuing jurisdiction of another court. According to the petition, Catherine was placed in the physical custody of a maternal aunt, Connie Oliver, when she was removed from Beverly's home.

On July 2, 1992, pursuant to MCL 712A.2(b)(2); MSA 27.3178(598.2)(b)(2), MCL 712A.3a; MSA 27.3178(598.3a), MCR 3.205, and MCR 5.927, the probate court notified the Wayne Circuit Court that a petition regarding Catherine had been filed with the probate court.

On September 24, 1992, the probate court entered an order granting visitation rights to Beverly, Steven, and Nancy. On November 18, 1992, a hearing was held in the probate court to determine jurisdiction and temporary custody. The allegations of the May 5, 1992, petition were read into the record, and Beverly, Nancy, and Steven entered no-contest pleas to certain paragraphs in the petition. In light of the no-contest pleas, which were based, in part, upon the statements in a police report, the Attorney General, appearing on behalf of the FIA, requested that the probate court

take temporary wardship of Catherine. The probate court, finding that it had a factual and legal basis for accepting jurisdiction over the matter, took temporary wardship of Catherine and ordered that Catherine continue in the care of her maternal aunt. A dispositional hearing was scheduled for December 16, 1992.

Following a dispositional hearing on February 8 and 9, 1994, the probate court ordered that Catherine continue to be placed with Connie Oliver, her maternal aunt. On January 26, 1995, the FIA filed a supplemental petition in the probate court seeking termination of Steven's and Nancy's parental rights. The supplemental petition again erroneously indicated that Catherine was not subject to the prior continuing jurisdiction of another court.

On July 26, 1995, the probate court granted the FIA's oral motion to exclude Beverly as a party in the termination of parental rights proceeding. On October 13, 1995, Beverly filed in the circuit court an appeal of the probate court's finding that she lacked standing to participate in the probate court proceedings to terminate parental rights. Following a hearing, the circuit court sua sponte ruled that the probate court did not have jurisdiction over Catherine's custodial disposition because jurisdiction to determine any subsequent custody issues was vested in the circuit court pursuant to the divorce proceedings. The circuit court also made a finding that the probate court was required, but failed, to file a notice of proceedings in the circuit court and that the probate court failed to notify the circuit court of the entry of any subsequent orders.

The circuit court also found that the probate court obtained jurisdiction over Catherine as a result of a false complaint of neglect by Catherine's mother and false statements in the original and supplemental petitions by the FIA. Consequently, the circuit court held that the probate court did not have jurisdiction over the custody of Catherine and that jurisdiction belonged with the Wayne Circuit Court. The circuit court also held that Beverly had standing as Catherine's legal custodian to participate in the proceedings to terminate parental rights.

The FIA first argues that the circuit court erred in determining sua sponte that the probate court was without jurisdiction to consider the petition to terminate parental rights because of the circuit court's continuing jurisdiction over Catherine as a result of the divorce proceedings. We agree.

When the probate court has established temporary jurisdiction over a juvenile, an erroneous exercise of that jurisdiction may be challenged at any of the mandatory review hearings. MCL 712A.19; MSA 27.3178(598.19); *In re Hatcher*, 443 Mich 426, 436; 505 NW2d 834 (1993). Exercise of subject-matter jurisdiction can then be challenged only on direct appeal, and it may not be collaterally attacked. *Id.* at 439. Here, respondents did not seek a direct appeal from the probate court order exercising jurisdiction, and the circuit court erred in raising this jurisdictional question sua sponte.

Nonetheless, jurisdiction in the juvenile division of the probate court is established by statute. MCL 712A.2(b)(1); MSA 27.3178(598.2)(b)(1) provides the probate court with jurisdiction over any juvenile under the age of eighteen

[w]hose parent or other person legally responsible for the care and maintenance of the juvenile, when able to do so, neglects or refuses to provide proper or necessary support, education, medical, surgical, or other care necessary for his or her health or morals, who is subject to a substantial risk of harm to his or her mental well-being, who is abandoned by his or her parents, guardian, or other custodian, or who is without proper custody or guardianship.

The statute also provides that if a petition is filed in any probate court alleging that a juvenile is within the provisions of subdivision 1, and the custody of that juvenile is subject to the prior or continuing order of another court, the manner of notice to the other court to proceed shall be governed by court rule. MCL 712A.2(b)(5)(B); MSA 27.3178(598.2)(b)(5)(B).

MCR 3.205, which governs prior and subsequent orders and judgments affecting minors in domestic relations actions, provides:

(A) Jurisdiction. If an order or judgment has provided for continuing jurisdiction of a minor and proceedings are commenced in another Michigan court having separate jurisdictional grounds for an action affecting that minor, a waiver or transfer of jurisdiction is not required for the full and valid exercise of jurisdiction by the subsequent court.

However, if a minor is known to be subject to the prior continuing jurisdiction of a Michigan court, the plaintiff or initiating party must mail written notice of proceedings in a subsequent court to the attention of the clerk or register of the prior court and the appropriate official of the prior court. MCR 3.205(B)(2).

In *Krajewski v Krajewski*, 420 Mich 729, 732; 362 NW2d 230 (1984), the Supreme Court addressed the extent "of power that may be exercised by the juvenile division of probate court in dealing with abused

or neglected minors who are wards of a circuit court by virtue of a custody award rendered as part of a divorce decree." The Supreme Court considered the substantially similar predecessors of MCL 712A.2 (b); MSA 27.3178(598.2)(b) and MCR 3.205 (GCR 1963, 724.1[5]) when it held that the probate court is not required to obtain a waiver of jurisdiction by the circuit court in order to exercise its own jurisdiction, because probate jurisdiction is conferred by statute. *Krajewski, supra* at 734.

Following *Krajewski*, this Court considered the effect of the notice provisions on the probate court's jurisdiction in *In re DaBaja*, 191 Mich App 281; 477 NW2d 148 (1991). In *DaBaja*, the respondent contended that the probate court improperly terminated his parental rights. The respondent argued that because the circuit court had continuing jurisdiction over the minor child as a result of the divorce proceedings between the parents, the probate court could not take jurisdiction over the child without giving proper notice of the adoption proceedings to the circuit court. *Id.* at 288.

Relying primarily upon the Supreme Court's holding in *Krajewski*, this Court stated:

> As respondent correctly contends, the Wayne Circuit Court retained jurisdiction to alter the custody order pertaining to the minor child after it issued the judgment of divorce and custody order in his parents' divorce action. [Citation omitted.] Nevertheless, the Wexford County Probate Court also had jurisdiction over the minor child pursuant to § 24 of the Adoption Code [citation omitted] . . . and pursuant to MCL 712A.2(b); MSA 27.3178(598.2)(b), the jurisdictional provision of the Juvenile Code, as a child under the age of eighteen whose parent or person legally responsible for the child had failed or refused to provide

proper support. In such cases of concurrent jurisdiction, the probate court is not required to obtain a waiver of jurisdiction by the circuit court in order to exercise its own jurisdiction, because probate jurisdiction is conferred by statute. *Krajewski v Krajewski*, 420 Mich 729, 734; 362 NW2d 230 (1984).

In this situation of concurrent jurisdiction over the minor child, the manner of notice to the circuit court and the authority of the probate court was governed by MCR 3.205. See MCL 712A.2(b); MSA 27.3178(598.2)(b). MCR 3.205 required the probate court to mail timely, written notice of the probate proceedings to the clerk or register, the friend of the court and the prosecuting attorney of Wayne County.

. . .

. . . However, the court failed to notify the Wayne County Clerk or Prosecutor regarding commencement of the adoption proceedings.

Nevertheless, as the court rule expressly states, waiver or transfer of jurisdiction was not required for the full and valid exercise of the probate court's jurisdiction. Furthermore, the required notice was not jurisdictional and did not prevent the probate court from entering interim orders. [*DaBaja, supra* at 288-289.]

Contrary to the circuit court's findings, the probate court's failure to give the circuit court proper notice or the circuit court's failure to waive jurisdiction did not preclude the probate court from exercising jurisdiction of the proceedings involving Catherine. *Id.*; *Krajewski, supra* at 734.[1]

---

[1] Additionally, it appears as if the circuit court erred in determining that no notice was given to the circuit court by the probate court. Attached as Appendix V to the Agency's Brief on Appeal is a Notice of Prior Court of Proceedings Affecting Minor(s) dated July 2, 1992. By this notice, the probate court informed the Wayne Circuit Court that a petition was filed with the court affecting a minor subject to the continuing jurisdiction of the Wayne Circuit Court.

The circuit court also found that although it and the probate court can have concurrent jurisdiction, the probate court may not issue orders contradicting circuit court orders. In support of this proposition, the circuit court cited the Supreme Court's opinion in *Krajewski.* However, the circuit court apparently misinterpreted the Court's holding in *Krajewski.* In *Krajewski,* the Court reproduced the language of GCR 1963, 724.1, the predecessor of MCR 3.205:

> The subsequent court shall give due consideration to prior continuing orders of other courts of record and refrain from entering orders contrary or inconsistent with such prior orders unless appropriate to the welfare of the child and in the best interests of justice. [*Krajewski, supra* at 734.]

After doing so, the Court stated:

> The observation in GCR 1963, 724.1(5) that "no waiver or transfer of jurisdiction is required for the full and valid exercise of jurisdiction of the subsequent court" evinces our conviction that the children intended to be protected by the constitution and the Juvenile Code can best be served by a procedure which, having provided for appropriate notice and opportunity for the prior court to exercise its responsibility under its jurisdiction to further the child's best interests, *nonetheless gives unrestricted freedom to the juvenile court to carry out its mandate. [Id.* (Emphasis added.)]

Hence, we conclude that the probate court properly exercised jurisdiction over Catherine.

The FIA also contends that the circuit court erred in finding that Beverly possessed standing to participate in the proceedings to terminate Steven's and Nancy's parental rights. We agree.

In order to have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected. *Solomon v Lewis*, 184 Mich App 819, 822; 459 NW2d 505 (1990). In *Bowie v Arder*, 441 Mich 23, 42-43; 490 NW2d 568 (1992), the Supreme Court, quoting 59 Am Jur 2d, Parties, § 30, p 414, noted that

> "[o]ne cannot rightfully invoke the jurisdiction of the court to enforce private rights, or maintain a civil action for the enforcement of such rights, unless one has in an individual or representative capacity some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy. This interest is generally spoken of as 'standing.' "

Here, the purpose of the probate court proceeding was solely to terminate Steven's and Nancy's parental rights. Presumably, Beverly sought to intervene in the proceeding in an effort to be awarded custody of Catherine. However, as noted by this Court in *Tallman v Milton*, 192 Mich App 606, 615; 482 NW2d 187 (1992), quoting *Fritts v Krugh*, 354 Mich 97, 115; 92 NW2d 604 (1958),

> "[i]t is totally inappropriate to weigh the advantages of a foster home against the home of the natural and legal parents. Their fitness as parents and the question of neglect of their children must be measured by statutory standards without reference to any particular alternative home which may be offered the children."

Although *Tallman* involved an attempt by a foster parent to intervene in proceedings to terminate parental rights, we believe that the same analysis applies with respect to a legal custodian of a child whose parents are the subject of a petition to terminate

parental rights. Hence, in the absence of any statute, court rule, or case law granting standing to a legal custodian to participate in a probate court proceeding to terminate parental rights, we conclude that the circuit court erred in concluding that Beverly had standing to participate in such proceedings.[2]

Reversed.

---

[2] We wish to emphasize that this issue involves only the proceedings to terminate parental rights and does not concern any proceedings with respect to custody of the juvenile.