Per Curiam.
 

 Third-party plaintiff Beverly C. Foster appeals as of right from an order denying her motion for return of custody of her granddaughter, Catherine Foster. We affirm.
 

 This case is before us for a second time. Nancy M. and Steven L. Foster are Catherine’s natural parents. The facts that preceded the first appeal are set forth in
 
 In re Foster,
 
 226 Mich App 348; 573 NW2d 324 (1997) (hereinafter
 
 Foster I).
 
 Pertinent portions of those facts are reproduced below:
 

 Catherine was bom on August 4, 1984. In the same year, Steven and Nancy sought a divorce in the Wayne Circuit Court. Beverly Foster, Steven’s mother, was allowed to intervene in the divorce action as a third-party plaintiff. By ex parte order dated June 14, 1985, [the circuit court] directed Steven to return Catherine to the custodial care of
 
 *261
 
 Beverly, with whom Catherine apparently had been residing before June 7, 1985. The circuit court also retained jurisdiction over Catherine until she attained the age of eighteen years or until further order of the court.
 

 On May 3, 1992, Catherine was removed from Beverly’s home by the Detroit police because of allegations that Beverly was keeping Nancy locked up in the basement. The [Family Independence Agency (ha)] filed a petition in the probate court on May 5, 1992, asking that the probate court take temporary custody of Catherine. . . . The petition . . . erroneously indicated that Catherine was not subject to the prior continuing jurisdiction of another court. According to the petition, Catherine was placed in the physical custody of a maternal aunt, Connie Oliver, when she was removed from Beverly’s home.
 

 ... On November 18, 1992, a hearing was held in the probate court to determine jurisdiction and temporary custody. . . . Beverly, Nancy, and Steven entered no-contest pleas to certain paragraphs in the petition. In light of the no-contest pleas, . . . the Attorney General. . . requested that the probate court take temporary wardship of Catherine. The probate court, finding that it had a factual and legal basis for accepting jurisdiction over the matter, took temporary wardship of Catherine and ordered that Catherine continue in the care of her maternal aunt. . . .
 

 Following a dispositional hearing on February 8 and 9, 1994, the probate court ordered that Catherine continue to be placed with Connie Oliver .... On January 26, 1995, the fia filed a supplemental petition in the probate court seeking termination of Steven’s and Nancy’s parental rights. . . .
 

 On July 26, 1995, the probate court granted the fia’s oral motion to exclude Beverly as a party in the termination of parental rights proceeding. . . . Beverly filed in the circuit court an appeal of the probate court’s finding that she lacked standing to participate in the probate court proceedings .... Following a hearing, the circuit court sua sponte ruled that the probate court did not have jurisdiction over Catherine’s custodial disposition because jurisdiction to
 
 *262
 
 determine any subsequent custody issues was vested in the circuit court pursuant to the divorce proceedings. . . .
 

 The circuit court also found that the probate court obtained jurisdiction over Catherine as a result of a false complaint of neglect by Catherine’s mother and false statements in the original and supplemental petitions by the FIA. Consequently, the circuit court held that the probate court did not have jurisdiction over the custody of Catherine and that jurisdiction belonged with the Wayne Circuit Court. The circuit court also held that Beverly had standing as Catherine’s legal custodian to participate in the proceedings to terminate parental rights.
 
 [Id.
 
 at 350-353.]
 

 The
 
 Foster I
 
 Court held that third-party plaintiff lacked standing to participate in the termination proceedings initiated by the fia.
 
 Id.
 
 at 359. Thereafter, on January 26, 1998, the fia renewed the termination proceedings by filing a petition in the family division of the circuit court seeking termination of parental rights. Subsequently, third-party plaintiff filed in the circuit court a motion for return of custody of Catherine. On June, 2, 1998, three days before the hearing on third-party plaintiffs motion, the family division entered an order terminating Steven and Beverly Foster’s parental rights. Catherine was “committed to the Michigan Children’s Institute [MCI] of the [FTA] .... for adoptive planning, supervision, care, and placement.” On June 5, 1998, the circuit court ruled from the bench that it no longer had jurisdiction over the custody matter once the parental rights were terminated and the child was made a permanent ward of the state.
 

 Third-party plaintiff argues that irrespective of the action taken by the family division, the circuit court retained jurisdiction over matters relating to custody of Catherine pursuant to the June 1985 ex parte
 
 *263
 
 order. We disagree. First, we note that under MCL 600.1021; MSA 27A.1021, the family division of the circuit court has sole and exclusive jurisdiction over matters relating to both termination of parental rights and custody of juveniles. Therefore, we are not presented with the situation where we must evaluate and reconcile orders rendered by different courts with different statutory grants of authority. See, e.g.,
 
 In re Toth,
 
 227 Mich App 548; 577 NW2d 111 (1998). Both the termination order and the order denying third-party plaintiff’s motion for return of custody came out of the family division of the Wayne Circuit Court. Once the parental rights were terminated and Catherine was committed to the care of MCI, the June 1985 ex parte order was effectively superseded. MCR 3.205(C). Legal and physical custody of Catherine now rests with the state. See
 
 In re Griffin,
 
 88 Mich App 184, 193-194; 277 NW2d 179 (1979). Additionally, once the rights of Catherine’s biological parents were terminated by the family division, third-party plaintiff’s rights derivative of the parental relationship were also severed. The matter is no longer one of custody, but of adoption.
 

 Affirmed.