# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of DONNELLY.

---

JAMIE L. PETERSON,

      Appellant,

v

RUTHANN DONNELLY,

      Appellee.

UNPUBLISHED
April 13, 2017

No.  331420
Kalkaska Probate Court
LC No.  15-009656-DA

---

Before:  RONAYANE KRAUSE, P.J., and K. F. KELLY and GADOLA, JJ.

PER CURIAM.

Appellant appeals from an order of the probate court denying a petition for formal proceedings.  Appellant argues that the probate court erred when it concluded he did not have standing to file a petition under the Estates and Protected Individuals Code, MCL 700.1101 *et seq*.  We vacate the trial court's ruling and remand for further proceedings.

This action was initiated before the probate court by a petition for formal proceedings with regard to the estate of Brian Donnelly.  The petition identifies the petitioner as "Gretchen Helfrich as attorney for Jamie Lee Peterson."  The petition further identifies the petitioner as a "creditor" of the estate and states that "Litigation against the Estate is pending."  Appellee is the widow of Brian Donnelly and was designated in the petition as the heir of the estate.

At the hearing on the petition before the probate court, counsel for petitioner explained that petitioner had filed an action against the estate in federal court and petitioner was seeking to establish the estate so that petitioner could serve notice of the federal action on the estate, and presumably thereafter proceed against the estate.  At the conclusion of the hearing, the probate court denied the petition for formal proceedings for the reason that petitioner had failed to present evidence of being a creditor of the estate, and therefore lacked standing to petition the probate court as a creditor.  The probate court reasoned:

> [U]ntil you're able to establish that you're a valid creditor that can petition to open up an estate, you really don't have standing to be here today . . . .  You have to have a valid basis to do that and a legitimate interest in the estate.  And if you

-1-

don't have a case that's been decided . . . and there's some kind of a judgment there that needs to be paid, you have no standing here.

Generally, we review appeals from a probate court decision on the record, not de novo. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Nonetheless, we review de novo questions of statutory interpretation and standing. *In re Casey Estate*, 306 Mich App 252, 256; 856 NW2d 556 (2014). In general, "to have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." *In re Foster*, 226 Mich App 348, 358; 573 NW2d 324 (1998). The party bringing the claim must have "some real interest in the cause of action, or a legal or equitable right, title, or interest in the subject matter of the controversy." *Bowie v Arder*, 441 Mich 23, 42; 490 NW2d 568 (1992) (citation omitted).

MCL 700.3401(1) provides that "[a]n interested person or a person that has a right or cause of action that cannot be enforced without administration may commence a formal testacy proceeding" by filing a petition in accordance with that section. An "interested person" is defined by MCL 700.1105(c) as follows:

> "Interested person" or "person interested in an estate" includes, but is not limited to, the incumbent fiduciary; an heir, devisee, child, spouse, creditor, and beneficiary and any other person that has a property right in or claim against a trust estate or the estate of a decedent, ward, or protected individual; a person that has priority for appointment as personal representative; and a fiduciary representing an interested person. Identification of interested persons may vary from time to time and shall be determined according to the particular purposes of, and matter involved in, a proceeding, and by the supreme court rules.

In the petition before the probate court, the petitioner sought a formal testacy proceeding as a "creditor." As the probate court found, the record is devoid of evidence that would support that claim. However, it is unclear from the record whether appellant could have demonstrated that he was nonetheless an "interested person" or a "person that has a right or cause of action" within the meaning of MCL 700.3401(1) and MCL 700.1105(c). Petitioner contended before the probate court that he had filed an action against the estate in federal court. The record of the hearing reflects that petitioner offered to give the probate court a copy of the complaint filed in the alleged federal action, but the probate court declined to accept it. Had petitioner been permitted to pursue this argument, petitioner may have been successful in demonstrating a "claim against . . . the estate of a decedent" or that he was "a person that has a right or cause of action that cannot be enforced without administration . . . ." We therefore vacate the trial court's ruling and remand this matter to the probate court for further proceedings to determine whether

-2-

appellant, though not a creditor, is otherwise entitled to a formal testacy proceeding against the estate of Brian Donnelly.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Michael F. Gadola