*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re GRABOWSKI, Minors.

UNPUBLISHED
May 14, 2019

No. 345608
Grand Traverse Circuit Court
Family Division
LC No. 17-004395-NA

Before: GLEICHER, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

Respondent, was the father of two children, SG and AG, that are the heart of this matter and he claims an appeal by right from the trial court's order terminating his parental rights. The children's mother was originally a party, however she passed away during the pendency of this case. Both parents admitted to the trial court's jurisdiction. Respondent admits that his participation in the case was minimal, and he does not challenge the termination of his parental rights. Rather, respondent challenges the placement of the children with their mother's grandparents, based on sexual abuse perpetrated against the children's mother and aunt by relatives. At trial, the evidence showed that the abuse perpetrators were no longer in contact with the family. In any event, because respondent does not challenge the termination of his parental rights, he lacks legal standing to challenge the children's placement. We therefore dismiss the instant appeal.

## I. STANDING

"In order to have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." *In re Foster*, 226 Mich App 348, 358; 573 NW2d 324 (1997). MCR 7.203(A) provides that this "[C]ourt has jurisdiction of an appeal of right filed by an aggrieved party . . . " A person is not an "aggrieved party" merely because that person is unhappy with the outcome of a proceeding. "Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury" arising from "the actions of the trial court." *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006). If a court determines that an appellant lacks standing, the court must "recognize its lack of jurisdiction and act accordingly by . . . dismissing the action, or otherwise disposing thereof, at any stage of the proceeding." *In re Fraser's Estate*, 288 Mich 392, 394; 285 NW 1 (1939).

MCL 722.2 provides that a parent's parental rights to his or her unemancipated children consist of "the custody, control, services and earnings of the minor . . . " Those parental rights are lost when the parent's parental rights are terminated. *In re Beck*, 488 Mich 6, 15; 793 NW2d 562 (2010). "In other words, the terminated parent loses any entitlement to the custody, control, services and earnings of the minor." *Id*. (quotation marks, ellipsis, and citation omitted).

In his brief on appeal, respondent explicitly states that he does not contest the trial court's termination of his parental rights. Because respondent's parental rights were terminated, and he does not challenge the termination, he is no longer entitled to the custody or control of SG and AG. See *In re Beck*, 488 Mich at 15. Given that respondent has no right to the control of SG and AG, he does not have a legally protected interest that is adversely affected by the trial court's decision to place the children with their maternal great-grandmother. See *In re Foster*, 226 Mich App at 358. Respondent is not an aggrieved party, and, therefore, he lacks standing. See *Federated Ins Co*, 475 Mich at 291-292. Accordingly, this court does not have jurisdiction to consider his appeal. See *In re Fraser's Estate*, 288 Mich at 394; MCR 2.703(A).

## II. GOOD CAUSE

We nevertheless recognize the seriousness of respondent's concerns, and we do not wish to suggest that we dismiss them lightly. We have, therefore, reviewed the record in this matter. After the children were removed, it was determined that they were eligible for membership in the Muscogee (Creek) Tribe through their relationship to their maternal grandfather. Accordingly, the trial court determined that SG and AG were Indian children under the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*., and the Michigan Indian Family Preservation Act (MIFPA), MCL 712B.1 *et seq*. The trial court conducted a removal hearing in compliance with ICWA and MIFPA with a member of the Sault Ste. Marie Tribe of Chippewa Indians appearing as a qualified expert witness on behalf of the Muscogee (Creek) Tribe. Because SG and AG were Indian children, they were required to be placed in accordance with the placement preferences provided in ICWA, 25 USC 1915(a), and MIFPA, MCL 712B.23(1). Under those placement preferences, absent good cause to the contrary, a member of the child's extended family is afforded first preference for pre-adoptive and adoptive placement of the child. See 25 USC 1915(a) and (b); MCL 712B.23(1) and (2). Accordingly, the trial court placed the children with their maternal great-grandmother.

Respondent, who consistently waived his right to counsel throughout the proceedings below, asserted that the children's mother, and her sister, had been sexually abused by their stepfather and by their uncle, who had at the time lived with their maternal grandmother. The only evidence offered by respondent was a recording he made of a telephone call to the children's mother's sister. The trial court ordered respondent to provide the recording to the CPS worker for investigation. The CPS worker testified that she investigated respondent's claims and determined that although the children's maternal grandmother was not an appropriate placement because of the allegations, there were no concerns with respect to the children's maternal great-grandmother. One of the perpetrators was not a blood relative and had been convicted of sexual abuse, and the other lived out of state. Significantly, the family maintained contact with neither abuser. The CPS worker testified that she created a "safety plan" for the maternal great-grandmother, with whom the children were placed, in the event that either perpetrator who lived out of state were to attempt contact. The children's mother's sister was consulted, and she

opined that she did not have any concerns regarding the children's placement with their maternal great-grandmother.

On appeal, respondent contends that "at no point did any of this information give [the CPS worker] any pause as to placement of these minor children with this family." The record clearly shows otherwise. Despite respondent's somewhat combative attitude toward the court and workers, his allegations were taken seriously, investigated, substantiated, and addressed. Respondent seemingly fails to recognize the steps that were taken to ensure that the abusers cannot come into contact with the children, and he consequently offers no explanation for why those steps might be inadequate. Therefore, although respondent does not have standing to challenge the placement of the children, it is readily apparent from the record that no "good cause" has been established to interfere with the children's placement pursuant to with ICWA and MIFPA. We would therefore find no merit to respondent's appeal even if respondent had standing to pursue the appeal.

Dismissed for lack of standing.

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien