*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re KME, Minor.

UNPUBLISHED
June 15, 2023

No. 364005
Ingham Circuit Court
Family Division
LC No. 21-000589-NA

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

The final order on appeal is the November 9, 2022 order terminating the parental rights of Stefan Economy (respondent-father) to his son KME under MCL 712A.19b(3)(a)(*ii*) (desertion), (c)(*i*) (failure to rectify conditions leading to adjudication), (g) (failure to provide proper care or custody despite being financially able to do so), and (j) (likelihood of harm to child if returned to the parent). The appeal of that order, however, was not filed by respondent-father. Instead, it was filed by appellant, who is KME's maternal grandmother, i.e., the mother of Eliya Corinna Malilwe (respondent-mother), whose rights were terminated in an earlier order that has not been challenged on appeal. Because appellant does not have standing to challenge the order terminating the parental rights of respondent-father, we dismiss this appeal.

## I. STANDING

MCR 7.203(A) contains the standing principle for appeals to the Court of Appeals, and provides that this "[C]ourt has jurisdiction of an appeal of right filed by an aggrieved party. . . ." "In order to have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." *In re Foster*, 226 Mich App 348, 358; 573 NW2d 324 (1997). Accord: *Spires v Bergman*, 276 Mich App 432, 441; 741 NW2d 523 (2007) ("To maintain an appeal, a person must ordinarily be 'aggrieved' by the lower court's decision."). A person is not an "aggrieved party" merely because that person is unhappy with the outcome of a proceeding. "Rather, to have standing on appeal, a litigant must have suffered a concrete and particularized injury" arising from "the actions of the trial court." *Federated Ins Co v Oakland Co Road Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006). See also *Saugatuck Dunes Coastal Alliance v Saugatuck Twp*, 509 Mich 561, 593; 983 NW2d 798(2022) ("Additionally, Black's Law Dictionary defines . . . "aggrieved party" as "[a] party entitled to a remedy; esp., a party whose personal, pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or

-1-

judgment." Black's Law Dictionary (11th ed.), pp. 83 and 1351."). If an appellant lacks standing, the court must "recognize its lack of jurisdiction and act accordingly by . . . dismissing the action, or otherwise disposing thereof, at any stage of the proceeding." *In re Fraser's Estate*, 288 Mich 392, 394; 285 NW 1 (1939).

We hold that appellant did not suffer a concrete and particularized injury as a result of the order terminating respondent-father's parental rights. As noted, appellant is respondent-mother's mother, and she had no legal interest that was affected by the order terminating respondent-father's parental rights. Unlike parents, grandparents like appellant do not have a fundamental right to a relationship with their grandchildren, *Brinkley v Brinkley*, 277 Mich App 23, 31; 742 NW2d 629 (2007), so to the extent appellant argues that her relationship with the child could be affected by the order, the order had no impact on a legally cognizable fundamental right. Additionally, appellant has no standing to raise on appeal issues pertaining to the termination of the respondent-father's parental rights, as those rights are personal to him. *In the Matter of Campbell*, 129 Mich App 780, 784; 342 NW2d 607 (1983). In the absence of a protected statutory or constitutional right that was impacted by the order terminating respondent-father's parental rights, appellant simply has no standing to appeal. See *In re AMB*, 248 Mich App 144, 174; 640 NW2d 262 (2001) (putative father ordinarily has no rights regarding a child, "including the right to notice of child protective proceedings, until he legally establishes that he is the child's father").

Appellant argues that because she was a respondent for purposes of jurisdiction over the child, see MCL 712A.2(b) and MCR 3.903(C)(12), and participated in the termination proceedings, she has standing to appeal the termination order. Despite her participation in the proceedings, she was not a respondent on the petition for termination of parental rights. A respondent for purposes of termination proceedings *only* includes the natural or adoptive mother of the child, and the father of the child as defined by court rule. MCR 3.977(B)(1) & (2). "Respondent" specifically does *not* encompass "other persons to whom legal custody has been given by court order, persons who are acting in the place of the mother or father, or other persons responsible for the control, care, and welfare of the child." MCR 3.977(B).[1] Although MCR 3.993(A)(4) states, in general, that an order terminating parental rights is appealable, MCR 3.977(J)(1)(a) more specifically indicates that it is a respondent who has a right to appeal a termination order.[2] Because appellant was not a respondent for purposes of the termination order, she is not an aggrieved party for purposes of MCR 7.203.

---

[1] Appellant cites MCR 3.993(C)(12), which provides that "respondent" can include a legal custodian. But the rule specifically states that the definition applies "[e]xcept as provided in MCR 3.977(B)."

[2] The trial court opined that appellant did not have standing in the termination hearings, which is supported by *In re Foster*. In that case, the paternal grandmother, Beverly Foster, had custody of the child. *In re Foster*, 226 Mich App at 349-350. A petition was filed seeking to terminate the mother's and father's parental rights, and the circuit court concluded that Beverly had standing to participate in the termination proceedings because she was a legal custodian. *Id*. at 352-353. This Court disagreed, concluding that "the circuit court erred in finding that Beverly possessed standing

Seeking to avoid this conclusion, appellant argues that she wants to act as the foster parent or custodian of KME, and that the termination order interferes with those goals. But neither of these are dependent upon or affected by whether respondent-father's parental rights are terminated. Indeed, KME's placement will be subject to post-termination review hearings under MCR 3.978, and appellant is likewise free to pursue adoption of KME. And, orders regarding adoption proceedings are appealable as of right. See MCL 710.65.

Appellant also seeks standing to challenge the order on the basis that when respondent-father's parental rights were terminated, she lost the ability to petition for guardianship over KME. However, in advancing this argument, appellant only makes a general reference to MCL 700.5204 and does not explain how the statute applies to these circumstances. Although appellant asserts that the ability to petition for guardianship is "a right which is rooted in parental rights, *see* MCL 700.5204," she neither has parental rights in KME, nor has she explained how she was prohibited from petitioning for guardianship at any point in the proceedings prior to entry of the final order.

The claim of appeal is dismissed, appellant having failing to establish standing to challenge the termination order.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola

---

to participate in the proceedings to terminate [the parents'] parental rights." *Id*. at 357. The Court concluded that, "in the absence of any statute, court rule, or case law granting standing to a legal custodian to participate in a probate court proceeding to terminate parental rights, we conclude that the circuit court erred in concluding that Beverly had standing to participate in such proceedings." *Id*. at 359.